**John BYRD, Petitioner,**

v.

**DEPARTMENT OF CORRECTIONS, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 24, 1999.

Decided Nov. 19, 1999.

Reargument denied Jan. 26, 2000.

John Byrd, petitioner, pro se.

William E. Fairall, Camp Hill, for respondent.

Before SMITH, J., FLAHERTY, J., and JIULIANTE, Senior Judge.

SMITH, Judge.

Before the Court is a pro se petition for review of an order issued by the Secretary of the Department of Corrections assessing the inmate account of John Byrd the sum of $183.61, representing two-thirds of the total medical costs incurred by the Commonwealth of Pennsylvania resulting from injury to another inmate caused by Byrd in an assault against the inmate. Byrd essentially argues before the Court that the Prison Medical Services Act (Act), Act of May 16, 1996, P.L. 220, 61 P.S. § 1011–1017, should not be applied retroactively to permit the medical costs assessment against him, that the hospital bill for treatment of the inmate was inadmissible and that the Commonwealth did not prove through credible and substantial evidence that it suffered a loss due to Byrd's misconduct.

Byrd is an inmate currently confined at the State Correctional Institution at Greene. On August 12, 1993, Byrd was found guilty of institution misconduct no. 565909 for participating in an assault on another inmate while confined at the State Correctional Institution at Huntingdon. On October 8, 1997, the Department conducted a hearing to determine the amount that Byrd would be ordered to pay for the medical expenses incurred from his misconduct. The hearing officer ordered Byrd to pay $278.21 for his share of the medical expenses. However, on January 4, 1999, the Secretary of the Department, pursuant to regulations at 37 Pa.Code § 93.12 as amended to implement the Act, reduced the amount to $183.61, which reflected the two-thirds limitation imposed by the Act and the Department's regulations.

In general, a decision by the Department of Corrections determining whether an inmate has committed misconduct is not reviewable by the Court. *Anderson v. Horn,* 723 A.2d 254 (Pa. Cmwlth.1998), *appeal denied,* 559 Pa. 669, 739 A.2d 167 (1999). However, there is an exception to this rule where an inmate can identify a personal or property interest involved that is not limited by regulation, such is the case here. *Id.* If an inmate can prove the loss of a personal or property interest, the inmate is entitled to notice and hearing in accordance with *Holloway v. Lehman,* 671 A.2d 1179 (Pa.Cmwlth. 1996). In *Holloway* the Court was emphatic in its recognition that due process requirements are no less applicable in cases where the government takes money or property from a prisoner. Once the agency issues its final order in such cases, the Court may exercise its appellate jurisdiction to review the decision. *Anderson.*

Byrd first argues that the Act should not apply retroactively. According to Byrd, because the medical expenses were incurred in 1993, he should not be obligated to pay them in 1999. Byrd submits that the Act became effective in April 1996 and that the incident occurred in 1993, or three years before the effective date of the Act. The Act states as follows in Section 7, 61 P.S. § 1017: "The department shall collect fees for medical services provided to an inmate after the effective date of the program regulations as published in the Pennsylvania Bulletin." The effective date of the regulations as publish-

ed in the Pennsylvania Bulletin was May 30, 1998. *See* 28 Pa.B. 2502.

The Department's regulations at 37 Pa. Code § 93.12(e), as amended, provide in relevant part: "The fee for any medical service in subsection (c) is $2, except that an inmate is required to pay a fee equivalent to two-thirds of the total cost of medical services provided to another inmate as a result of the inmate's assaultive conduct." The Court expressly held in *Weaver v. Department of Corrections,* 720 A.2d 178 (Pa.Cmwlth.1998), that the Act and its implementing regulations apply only prospectively. According to undisputed facts in the record, the assault occurred in 1993 and subsequent medical services were rendered the same year. These events therefore took place three years before the effective date of the Act and five years before the effective date of the regulations.

Despite the clear pronouncement of the Court in *Weaver* that the Act is to be applied prospectively, the Department chose to ignore *Weaver* and instead to apply the Act retroactively and to assess costs against Byrd when none were permitted. When such Department action occurs, the Court will reverse. Thus - because the medical services were rendered five years before the effective date of the regulations and three years before the effective date of the Act, their provisions do not apply. Accordingly, the order of the Secretary of the Department of Corrections assessing medical costs against Byrd for medical services rendered in 1993 is reversed. In view of this conclusion, the Court need not address the other issues raised by Byrd.

### ORDER

AND NOW, this 19th day of November, 1999, the order of the Secretary of the Department of Corrections is reversed.