**George R. SWEATT, Petitioner,**

v.

**DEPARTMENT OF CORRECTIONS, Kenneth D. Kyler, Superintendent; Charles E. Martin, Business Manager III; et al., Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 22, 2000.
Decided March 21, 2001.

George R. Sweatt, petitioner, pro se.

Raymond W. Dorian, Camp Hill, for respondent.

Before SMITH, Judge, KELLEY, Judge, and RODGERS, Senior Judge.

SMITH, Judge.

George R. Sweatt (Petitioner) brings this action pro se [1] in the original jurisdiction of the Court seeking preliminary and permanent injunctions to enjoin the Department of Corrections (DOC) and its authorized personnel (Respondents) from deducting costs, fines and restitution from his inmate account pursuant to Section 9728(b)(5) of the Sentencing Code, *as amended,* 42 Pa.C.S. § 9728(b)(5), and DOC Policy DC–DAM 005, entitled "Collection of Inmate Debts," and requiring reimbursement of any monies seized from his account. Respondents filed preliminary objections alleging lack of proper service by Petitioner and demurring to Petitioner's argument that the statute relied upon by DOC is unconstitutional and represents an ex post facto law.

Petitioner is an inmate currently confined at the State Correctional Institute at Huntingdon where he is serving an 18 to 60 month sentence imposed by the Court of Common Pleas of Armstrong County on April 30, 1996 after having been convicted

---

1. By letter dated September 15, 2000, Petitioner sought to have counsel appointed for the purpose of filing a brief in opposition to Respondents' brief. By Order dated September 18, 2000, the Court denied Petitioner's request on the basis that he is not entitled to the appointment of counsel in this civil action. Petitioner did not file a brief in opposition to Respondents' brief.

of burglary. The sentencing order stated that Petitioner shall pay the costs of prosecution plus the sum of $500 to the use of Armstrong County and $47.67 restitution to the victim of the offense. Under the provisions relating to the terms and conditions of parole/probation, the sentencing order also requires Petitioner to pay a criminal laboratory user fee of $205. Thereafter, the legislature passed the Act of June 18, 1998, P.L. 640 (Act 84), which modified Section 9728 of the Sentencing Code. Section 9728(b)(5), as modified, authorizes DOC to collect the costs, fines and restitution from inmate prison accounts and to forward said sums to the designated representative of the sentencing county.[2]

Petitioner states in his petition that because his conviction took place two years prior to the passage of Act 84, its provisions do not apply to him while he is incarcerated. He relies in part on the Court's decisions in *Weaver v. Department of Corrections*, 720 A.2d 178 (Pa.Cmwlth. 1998), and in *Byrd v. Department of Corrections*, 743 A.2d 532 (Pa.Cmwlth.1999). In *Weaver* the question presented was whether Department regulations were properly promulgated pursuant to the Prison Medical Services Act, Act of May 16, 1996, P.L. 220, 61 P.S. §§ 1011–1017, and whether the Act and the regulations constituted ex post facto laws.[3] The Medical Services Act and the regulations impose fees upon inmates for certain non-emergency medical services to reduce the costs to government for providing the services.

The Court held in *Weaver* that the regulations were properly promulgated and that neither the Medical Services Act nor the regulations constituted ex post facto laws in violation of Article I, § 10 of the U.S. Constitution as they were not penal in nature. In addition, the Court held that the Act and its implementing regulations apply only prospectively. In *Byrd* the Court reversed an order issued by the Secretary of DOC that assessed costs against an inmate for medical services rendered five years before the effective date of the Department's regulations and three years before the effective date of the Act. The Court determined in *Byrd* that the Department's assessment resulted from an impermissible retroactive application of the Act and the regulations.

When ruling upon preliminary objections in the nature of a demurrer, the Court must accept as true all well-pleaded allegations of material fact as well as all reasonable inferences deducible therefrom. *Rodgers v. Pennsylvania Department of Corrections*, 659 A.2d 63 (Pa.Cmwlth.1995). The Court is not required to accept as true any conclusions of law or expressions of

---

2. Section § 9728(b)(5) now reads:

The county correctional facility to which the offender has been sentenced or the Department of Corrections shall be authorized to make monetary deductions from inmate personal accounts for the purpose of collecting restitution or any other court-ordered obligation. Any amount deducted shall be transmitted by the Department of Corrections or the county correctional facility to the probation department of the county or other agent designated by the county commissioners of the county with the approval of the president judge of the county in which the offender was convicted. The Department of Corrections shall develop guidelines relating to its responsibilities under this paragraph.

3. Article I, § 10 of the U.S. Constitution forbids the passage of any law which imposes any punishment for an act not punishable at the time it was committed or which imposes additional punishment to that then prescribed. *See Weaver*. The ex post facto clause has been interpreted by the courts to apply exclusively to penal statutes; the penal law must apply to events which occurred before its enactment and it must disadvantage the affected offender. *Id.*

opinion. *Weaver*. A demurrer, which results in the dismissal of a suit, should be sustained only in cases that are clear and free from doubt and only where it appears with certainty that the law permits no recovery under the allegations pleaded. *Id.; see also Doxsey v. Pennsylvania Bureau of Corrections*, 674 A.2d 1173 (Pa. Cmwlth.1996).

■ Upon review of the allegations pleaded, the Court concludes that Respondents' preliminary objections should be sustained. As Respondents argue, Act 84 is not penal in nature, but rather it provides a procedural mechanism for DOC to collect court costs and fines. *Commonwealth v. Berryman*, 437 Pa.Super. 258, 649 A.2d 961 (1994). Moreover, it neither defines a criminal offense committed by Petitioner nor imposes additional fines and/or punishment against him. There is no question that Petitioner was liable pursuant to court order for the sums deducted from his account when Act 84 was enacted. Thus Petitioner's reliance upon *Weaver* and *Byrd* is misplaced inasmuch as his case does not involve an impermissible retroactive application of the law. Because it is certain that the law permits no recovery under the allegations pleaded here, Respondents' preliminary objections are sustained and Petitioner's petition for review is dismissed.

## *ORDER*

AND NOW, this 21st day of March, 2001, the preliminary objections filed by Respondents Department of Corrections, Kenneth D. Kyler and Charles E. Martin are sustained, and the petition for review filed by Petitioner George R. Sweatt is dismissed.