**George M. VIGLIONE, Petitioner,**

v.

**PENNSYLVANIA DEPARTMENT OF CORRECTIONS; Inmate Accounting Department at S.C.I. Pittsburgh, Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 8, 2001.

Decided July 10, 2001.

No appearance entered for petitioner.

Alan M. Robinson, Camp Hill, for respondent.

Before PELLEGRINI, LEADBETTER, JJ., and MIRARCHI, Jr., Senior Judge.

PELLEGRINI, Judge.

Before us are the preliminary objections in the nature of a demurrer filed by the Department of Corrections (Department) in response to a *pro se* petition for review filed by George M. Viglione (Petitioner) seeking relief in mandamus for funds deducted from his inmate account during the pendency of a criminal appeal.

Petitioner is an inmate currently incarcerated at the State Correctional Institution at Pittsburgh. On March 21, 2000, he was tried in the Court of Common Pleas of Allegheny County (trial court) on charges of terroristic threats, simple assault, recklessly endangering another person, disorderly conduct and driving while operating privilege is suspended or revoked. Petitioner was subsequently found guilty of disorderly conduct and driving while operating privilege is suspended or revoked and fined $300 and $200, respectively. He then appealed that conviction to the Superior Court of Pennsylvania. During the appeal process, the Department continued to deduct monies from Petitioner's inmate account for fines and costs pursuant to 42 Pa.C.S. § 9728(b)(5) (Act 84).[1] Petitioner notified the Department that because Pa. R.Crim. P. 86(B)(2)[2] provides that in cases "in which a notice of appeal is filed, the execution of a sentence shall be stayed," it

---

1. Act 84 provides:

 The county correctional facility to which the offender has been sentenced or the Department of Corrections shall be authorized to make monetary deductions from inmate personal accounts for the purpose of collecting restitution or any other court-ordered obligation. Any amount deducted shall be transmitted by the Department of Corrections or the county correctional facility to the probation department of the county or other agent designated by the county commissioners of the county with the approval of the president judge of the county in which the offender was convicted. The Department of Corrections shall develop guidelines relating to its responsibilities under this paragraph.

2. Effective April 1, 2001, Pa. R.Crim. P. 86(B)(2) has been rescinded and replaced by Pa. R.Crim. P. 461(B).

was precluded from collecting further funds from his account. When his request was denied, Petitioner followed the Inmate Grievance Policy System and made several appeals on his own behalf which were also subsequently denied.

 Petitioner then filed a petition for issuance of writ of mandamus with this Court asserting that deductions from his account for fines and costs were not warranted under Pa. R.Crim. P. 86(B)(2) and should desist. Specifically, Petitioner contends that pursuant to Pa. R.Crim. P. 86(B)(2), funds should not be deducted from his account because that provision mandates that once an appeal is filed, all sentences, including sentences of fines and costs, shall be stayed during the pendency of the appeal. The Department has filed preliminary objections asserting that Pa. R.Crim. P. 86(B)(2) is inapplicable because it only applies to summary cases and not cases such as Petitioner's, which involve misdemeanor charges.[3] We agree.

Pa. R.Crim. P. 86(A)[4] provides in pertinent part:

(A) When an appeal is authorized by law in a summary proceeding…an appeal shall be perfected by filing a notice of appeal within 30 days after entry of the guilty plea, the conviction, or other final order from which the appeal is taken and by appearing in the court of common pleas for the trial *de novo* … (Emphasis in original.)

 Because a summary case is "a case in which the only offense or offenses charged are summary offenses," Pa. R.Crim. P 3,[5] and Petitioner was charged with several misdemeanor counts, his case does not qualify as a summary case and the stay provisions of this Rule are inapplicable.[6] Moreover, Pa. R.Crim. P. 86(B)(2) clearly applies when appeals from summary cases are taken for trial *de novo* in a court of common pleas from a judgment of conviction before an issuing authority which includes district justices and magistrates. Pa. R.Crim. P. 86(F), 86(G) and 3.[7] In this case, Petitioner was convicted at

3. In ruling upon preliminary objections in the nature of a demurrer, this Court must accept as true all well-pleaded allegations of material fact and all inferences reasonably deductible therefrom. *Myers v. Ridge,* 712 A.2d 791 (Pa. Cmwlth.1998), *petition for allowance of appeal denied,* 560 Pa. 677, 742 A.2d 173 (1999). The question presented by a demurrer is whether, on the facts alleged, the law says with certainty that no recovery is possible. *Hawks by Hawks v. Livermore,* 157 Pa. Cmwlth. 243, 629 A.2d 270 (1993).

4. Effective April 1, 2001, Pa. R.Crim. P. 86(A) was replaced by Pa. R.Crim. P. 460(A).

5. Effective April 1, 2001, Pa. R.Crim. P. 3 was renumbered as Pa. R.Crim. P. 103.

6. Terroristic threats is a misdemeanor of the first degree, 18 Pa.C.S. § 2706(d); simple assault is a misdemeanor, 18 Pa.C.S. § 2701(b); and recklessly endangering another person is a misdemeanor of the second degree, 18 Pa. C.S. § 2705.

7. Pa. R.Crim. P. 86(F) provides that "the issuing authority shall, within 20 days after receipt of the notice of appeal, file with the clerk of courts… Further, Pa. R.Crim. P. 86(G) states, in pertinent part:

When a defendant appeals after the entry of a guilty plea or conviction by an issuing authority in any summary proceeding, upon the filing of the transcript and other papers by the issuing authority, the case shall be heard de novo by the appropriate division of the court of common pleas…

Moreover, an "issuing authority" is defined by Pa. R.Crim. P. 3 as "any public officer having the power and authority of an alderman, justice of the peace, magistrate, or district justice."

We note that effective April 1, 2001, Pa. R.Crim. P. 86(F) was replaced by Pa. R.Crim. P. 460(D), Pa. R.Crim. P. 86(G) was replaced by Pa. R.Crim. P. 462, and Pa. R.Crim. P. 3 was renumbered as Pa. R.Crim. P. 103.

the trial court level and appealed his conviction to the Superior Court.

Accordingly, because Pa. R.Crim. P. 86(B)(2) is inapplicable as a basis for his claim and Petitioner has failed to set forth a cause of action in mandamus, the Department's preliminary objections are granted and this petition for review is dismissed.

### ORDER

AND NOW, this 10th day of July, 2001, upon consideration of the preliminary objections filed by the Department of Corrections, said preliminary objections are granted and the petition for review filed by George M. Viglione is dismissed.