James RUSSELL, Petitioner,

v.

William DONNELLY, Individually and in his official capacity as the Prothonotary of the Court of Common Pleas of Montgomery County, Pennsylvania and Jeffrey Beard, Individually and in his official capacity as Secretary of the Department of Corrections, Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 7, 2003.

Decided June 12, 2003.

James Russell, petitioner, pro se.

Timothy I. Mark, Camp Hill, for respondent.

BEFORE: SMITH–RIBNER, Judge, LEAVITT, Judge, and MIRARCHI, Jr., Senior Judge.

OPINION BY Judge SMITH–RIBNER.

James Russell brings this action pro se in this Court's original jurisdiction seeking declaratory relief based on the claim that Respondents William Donnelly, Prothonotary of Montgomery County, and Jeffrey Beard, Secretary of the Department of Corrections (DOC), violated his due process rights. Russell also seeks preliminary and permanent injunctive relief to enjoin Respondents from deducting resti-

tution and costs from his inmate account pursuant to Section 9728(b)(5) of the Sentencing Code, 42 Pa.C.S. § 9728(b)(5), and DOC policy DC–ADM 005 entitled "Collection of Inmate Debts." Lastly, he seeks reimbursement of any money seized from his inmate account. Respondent Beard filed preliminary objections demurring to the petition for review on several grounds.

Russell is an inmate currently confined at the State Correctional Institute at Cresson where he is serving a sentence of seven to fourteen years imposed by the Court of Common Pleas of Montgomery County. DOC notified Russell in February 1999 that deductions would be taken from his inmate account for the collection of restitution, fees, costs and fines in accordance with DOC policy DC–ADM 005, and thereafter DOC began making the deductions from Russell's account. Citing *Boofer v. Lotz*, 797 A.2d 1047 (Pa.Cmwlth. 2002), *appeal granted in part*, 572 Pa. 567, 817 A.2d 1079 (2003), Russell contends that DOC had no authority to make the deductions before a hearing was held to determine his financial ability to pay. Russell further contends that the deductions represent an unauthorized taking of his personal property in violation of state and federal due process guarantees.

In *Sweatt v. Department of Corrections*, 769 A.2d 574, 576–577 (Pa. Cmwlth.2001), the Court stated the following well-settled principle:

When ruling upon preliminary objections in the nature of a demurrer, the Court must accept as true all well-pleaded allegations of material fact as well as all reasonable inferences deducible therefrom. The Court is not required to accept as true any conclusions of law or expressions of opinion. A demurrer, which results in the dismissal of a suit, should be sustained only in cases that are free and clear from doubt and only

where it appears with certainty that the law permits no recovery under the allegations pleaded. (Citations omitted.)

As an initial matter the Court notes that in his demurrer Respondent Beard asserted factual allegations based upon the contents of an unsworn declaration and other attached documents. In *Martin v. Commonwealth, Department of Transportation*, 124 Pa.Cmwlth. 625, 629, 556 A.2d 969, 971 (1989), the Court recognized the rule that "a demurrer cannot aver the existence of facts not apparent from the face of the challenged pleading." Therefore, the Court will not consider the facts pleaded in the demurrer that are not contained in the petition for review, including the unsworn declaration and other documents, with one exception. The Court will consider DOC policy DC–ADM 005, attached to the demurrer as Exhibit A–2, because Russell cited it in his petition. *See Martin* (writing relied upon to state a cause of action may be attached to demurrer because it is a factual matter arising out of the complaint).

On the merits, Respondent Beard asserts that Russell is not entitled to relief because Act 84 of 1998 (Act 84), Act of June 18, 1998, P.L. 640, effective October 18, 1998, provides statutory authorization for DOC to make deductions from Russell's inmate account for court-ordered obligations stemming from criminal sentencing proceedings. Section 4 of Act 84 amended Section 9728 of the Sentencing Code, which now provides in pertinent part as follows:

The County correctional facility to which the offender has been sentenced or the Department of Corrections shall be authorized to make monetary deductions from inmate personal accounts for the purpose of collecting restitution or any other court-ordered obligation. Any amount deducted shall be transmitted

by the Department of Corrections or the county correctional facility to the probation department of the county or other agent designated by the county commissioners of the county with the approval of the president judge of the county in which the offender was convicted. The Department of Corrections shall develop guidelines relating to its responsibilities under this paragraph.

42 Pa.C.S. § 9728(b)(5). DOC developed policy DC–ADM 005 effective October 16, 1998 in response to the legislature's directive to develop guidelines.[1]

In *Sweatt* the Court recognized that Act 84 is not penal in nature because it neither defines a crime nor imposes additional punishment against a defendant. Instead, it provides a procedure for DOC to collect fines and court costs for which a defendant is liable pursuant to a previous court order. *Id.* In this regard, the Court held in *Viglione v. Pennsylvania Department of Corrections,* 781 A.2d 248 (Pa.Cmwlth. 2001), that deductions could be made from an inmate account for fines and costs pursuant to Section 9728(b)(5) even during the pendency of a criminal appeal in a nonsummary proceeding, and in *Commonwealth v. Baker,* 782 A.2d 584 (Pa.Super.2001), the Superior Court held that nothing in Section 9728 limits its application to offenders who entered incarceration after the effective date.[2]

In *Sweeney v. Lotz,* 787 A.2d 449 (Pa. Cmwlth.2001), *appeal denied,* 572 Pa. 717, 813 A.2d 848 (2002), the Court held that the legislative requirement in Section 9728(b)(5) for an inmate to pay court-ordered restitution addresses the Commonwealth's rational and legitimate interest in the rehabilitation of criminals and the compensation of victims of crime. The Court rejected the petitioner's equal protection challenge claiming that as an incarcerated individual he was denied the same right and privilege as other persons similarly situated to file the $300 claim for exemption allowed to non-incarcerated judgment debtors under Section 8123(a) of the Judicial Code, *as amended,* 42 Pa.C.S. § 8123(a). In rejecting the claim, the Court stressed that the $300 exemption claim for judgment debtors applies only to civil judgments and other liens and that it exists to allow a judgment debtor to afford the necessities of life, which is a concern that does not apply to an inmate who must be provided with necessities of life while confined in a Commonwealth penal institution. Concluding that Section 9728(b)(5) advances a legitimate state interest, the Court held that the provision was constitutional.

Recently, in *Harding v. Superintendent Stickman of SCI Greene,* 823 A.2d 1110 (Pa.Cmwlth.2003), the Court held that an inmate had no right to injunctive relief to end deductions from his inmate account pending a hearing into his financial ability to pay court-ordered obligations. The Court found that the holding in *Boofer* does not negate DOC's authority under Act 84 to make the deductions. In *Boofer* the Court held that a hearing was required before deductions could be made from an inmate's account to determine his financial ability to pay. The Court relied upon Section 8127(a) of the Judicial Code, 42 Pa.C.S. § 8127(a), which provides that an

---

1. The policy provides in Part VI(C)(4) that "the business office will deduct from an inmate's account monthly payments of 20% of the preceding month's income provided the account balance exceeds $10.00."

2. The Superior Court recognized that the proceeding was a civil action which should have been pursued in Commonwealth Court but it accepted the appeal for disposition in the interests of "institutional comity and system-wide efficiency." *Baker,* 782 A.2d at 584.

individual's wages are exempt from attachment while in the hands of an employer but that wages may be attached upon an action for restitution and costs.[3] The Court cited *Holloway v. Lehman,* 671 A.2d 1179 (Pa.Cmwlth.1996), which held that inmates could challenge the deductions from their accounts where DOC, in the complete absence of any due process, assessed monetary damages against inmates for destruction of prison property and began deducting funds from their accounts after the appeal period had expired from misconduct decisions finding them liable for damages.

 Unlike the inmates in the *Holloway* case, Russell was afforded due process when the restitution amount was established by the court of common pleas at his sentencing hearing. Moreover, Section 9728(b)(5) was amended after *Holloway.* In *Sweeney* the Court noted the holding in *Sweatt* that Section 9728(b)(5) merely provided a procedural mechanism for collecting costs, fines and restitution from incarcerated judgment debtors and noted further the proposition that an individual is obligated to pay court-ordered restitution irrespective of his or her incarceration. While the Court recognizes Russell's effort to earn monies during his incarceration to pay for personal supplies not provided by the institution, inasmuch as the current state of the law permits no recovery under the facts that he pleaded, the Court is compelled to sustain Respondent Beard's demurrer and to dismiss the petition for review.[4]

### *ORDER*

AND NOW, this 12th day of June, 2003, the demurrer filed by Respondent Jeffrey A. Beard, individually and in his official capacity as Secretary of the Department of Corrections, is hereby sustained, and the petition for review filed by Petitioner James Russell is dismissed. The Court further denies the Motion for Summary Relief filed by Petitioner.

**3.** In *Mays v. Fulcomer,* 122 Pa.Cmwlth. 555, 552 A.2d 750 (1989), the Court held that inmate remuneration for prison labor does not constitute wages for purposes of Section 8127.

**4.** Russell argues in his brief that the deductions amount to cruel and unusual punishment, but he failed to raise a claim under the Eight Amendment to the United States Constitution. Consequently, the Court holds that the issue is waived. *See Standard Fire Ins. Co. v. Insurance Department,* 148 Pa.Cmwlth. 350, 611 A.2d 356 (1992) (new issues raised for first time in petitioner's brief will not be considered). Respondent Beard further responds that Russell's petition fails to plead a valid Fifth Amendment "Takings Clause" claim. Russell pleaded in his petition that the deductions constitute "an unauthorized 'taking' of his property, in violation of state and federal due process guarantees[.]" Petition for Review at para. 9. Based upon his wording, the Court presumes that Russell intended to assert a due process claim under the Fourteenth Amendment. In any event, the claim lacks merit and thus cannot form the basis for relief.

In addition, Russell filed a motion for summary relief alleging that Respondent Donnelly failed to file an answer or other defense in response to the petition for review. Russell requested that the Court grant the motion and issue an order for the relief he seeks in his petition for review. Russell failed to cite any legal support for his request other than *Boofer.* The failure to file a necessary responsive pleading results in the admission of factual averments, not conclusions of law, and does not mandate that the relief requested in the original pleading be granted. *See* Pa. R.C.P. No. 1029; *Ban v. Tax Claim Bureau of Washington County,* 698 A.2d 1386 (Pa.Cmwlth. 1997). Therefore, the motion is denied.