# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rodney Derrickson,                          :
                  Petitioner          :
                                      :
              v.               :  No. 467 M.D. 2017
                                      :  Submitted:  January 26, 2018
Cindy Hays, John Wetzel,                    :
                Respondents       :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**          **FILED:  April 3, 2018**

Presently before the Court are preliminary objections filed by Cindy Hays (Hays), activities manager at the State Correctional Institution at Forest (SCI-Forest), and John Wetzel, Secretary of Corrections (Secretary Wetzel), (collectively, Respondents), to a petition for review (Petition) filed in this Court's original jurisdiction by Rodney Derrickson (Derrickson), an inmate at SCI-Forest.  In his pro se Petition, Derrickson seeks declaratory and injunctive relief against Respondents for alleged violations of his First Amendment rights.  We overrule, in part, and sustain, in part, Respondents' preliminary objections.

Because this matter is before us on preliminary objections, we must "accept as true all well-pleaded material allegations in the petition for review," as well as any reasonable inferences deducible therefrom.  *Thomas v. Corbett*, 90 A.3d 789,

794 (Pa. Cmwlth. 2014).  With this standard in mind, we begin with a brief recitation of the facts as pled by Derrickson.

Derrickson is vice-president of an organization called Hope for Change.  On August 1, 2017, Hays, who serves as staff coordinator for Hope for Change, informed the organization's executive board that another organization called Fight for Lifers contacted SCI-Forest's superintendent, who agreed to meet with the outside organization.  On the same date, Derrickson informed "Hays that he had personally received corresponden[ce] from [Fight for Lifers] expressing an interest in working with the Hope for Change organization and asked [Fight for Lifers] to contact the superintendent directly asking to work with the inmate organization." (Petition for Review ¶ 6.)  According to Derrickson, Hays responded, "[Y]ou can't write to any outside organization concerning [Hope for Change] without approval from me."  (*Id.* ¶ 7.)  Hays allegedly informed the executive board that the superintendent "wanted something done about it," in response to which the executive board voted to suspend Derrickson for five months.  (*Id.* ¶ 9.)

Derrickson maintains his First Amendment rights to free "speech[] and to freely associate with outside prisoner advocacy . . . groups" were infringed upon as a result.  (*Id.* ¶ 8.)  He also alleges that any activity in his capacity as vice-president of Hope for Change is protected as "expressive association."  (*Id.* ¶ 17.)  Finally, he claims he cannot be retaliated against for his communications with Fight for Lifers.

He requests a declaration recognizing his First Amendment "right to communicate with outside prison reform organizations/groups."  (*Id.*, Wherefore Clause ¶ 1.)  In addition, he seeks an order declaring "any policy and/or rule prohibiting [him] from sending outgoing mail to any prison reform organizations and/or groups" unconstitutional.  (*Id.* ¶ 2.)  He also seeks to enjoin Respondents from

"interfering with [his] First Amendment right to freely communicate with [such] outside organizations," "interfering with his expressive association rights . . . as vice-president of [Hope for Change]," and "[r]etaliating, harassing and/or administratively sanctioning him for engaging in" such activity. (*Id.* ¶ 3.)

Respondents filed timely preliminary objections to Derrickson's Petition. First, Hays alleges that she was not properly served with the Petition. Second, Hays alleges she does not have statewide responsibility with respect to the Department of Corrections (Department) and is, therefore, not a statewide officer over whom this Court has original jurisdiction. Third, Respondents seek a demurrer on a number of grounds, including, *inter alia*, that Derrickson has no protected liberty interest in forming or maintaining an inmate organization or in being an officer in such organization, that the Department has legitimate penological reasons for regulating an inmate's contact with outside organizations, and that Derrickson is not entitled to declaratory or injunctive relief.[1]

We initially address the two preliminary objections related solely to Hays. In his response to the preliminary objections and brief to this Court, Derrickson concedes that Hays is not a statewide officer and should be dismissed from this matter. (Derrickson's Response to the Preliminary Objections ¶ 8; Derrickson's Br. at 18.) Accordingly, we sustain the second preliminary objection and dismiss Hays from the action. As a result of this ruling, the preliminary objection related to improper service on Hays is moot. This leaves only the demurrer remaining for the Court's consideration.

---

[1] Although Respondents list other bases for their demurrer, Respondents limit their arguments in their brief to just those bases identified above. Because Respondents did not develop their arguments on the other bases in their brief, those objections are waived. *In re Tax Claim Bureau of Lehigh Cty. 2012 Judicial Tax Sale*, 107 A.3d 853, 857 n.5 (Pa. Cmwlth. 2015).

As stated above, when ruling upon preliminary objections, we must accept as true all well-pleaded allegations of material fact, as well as all reasonable inferences deducible therefrom. *Thomas*, 90 A.3d at 794. The Court "is not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id.* The Court "may sustain preliminary objections only when the law makes clear that the petitioner cannot succeed on his claim, and we must resolve any doubt in favor of the petitioner." *Id.* "A demurrer . . . should be sustained only in cases that are free and clear from doubt and only where it appears with certainty that the law permits no recovery under the allegations pleaded." *Russell v. Donnelly*, 827 A.2d 535, 536 (Pa. Cmwlth. 2003) (quoting *Sweatt v. Dep't of Corr.*, 769 A.2d 574, 577 (Pa. Cmwlth. 2001)).

Respondents argue that Derrickson's Petition should be dismissed since there is no constitutional right to be an officer of an inmate organization or to form or maintain one. Further, because there is no constitutional right at stake, Respondents argue, this Court lacks jurisdiction. Respondents, however, misapprehend Derrickson's Petition. Derrickson does not allege that the constitutional right at issue is his right to hold office as vice-president of Hope for Change. Nor does he seek to form or maintain an inmate organization because Hope for Change is already an approved inmate organization. Rather, Derrickson alleges that there are constitutional rights at issue – his First Amendment rights to free speech and to associate with outside organizations through the mail.

"[T]he First Amendment to the United States Constitution has long been interpreted by the courts as including a general right to communicate by mail." *Bussinger v. Dep't of Corr.*, 29 A.3d 79, 84 (Pa. Cmwlth. 2011). While "[n]aturally, an inmate relinquishes some First Amendment rights that he would enjoy if not

incarcerated," *Abu-Jamal v. Price*, 154 F.3d 128, 135 (3d Cir. 1998), our Courts have recognized that inmates "do not forfeit their First Amendment rights to use of the mails." *Brown v. Dep't of Corr.*, 932 A.2d 316, 319 (Pa. Cmwlth. 2007) (quotation omitted). This includes the right to correspond with outsiders even about matters unflattering to the Department. *Brooks v. Andolina*, 826 F.2d 1266, 1268 (3d Cir. 1987); *Castle v. Clymer*, 15 F. Supp. 2d 640, 661 (E.D. Pa. 1998). Because the First Amendment claim is clearly a constitutional issue, it is properly before this Court.

An inmate's First Amendment rights are not limitless, though. Restrictions may be placed on an inmate's First Amendment rights so long as those limits are reasonably related to a legitimate penological goal. *Brown*, 932 A.2d at 319. Here, Respondents assert that the Department has a legitimate penological interest in regulating inmate contact with outside organizations. Respondents do not identify what that legitimate penological interest is; rather they assert in conclusory fashion that, as a matter of fact, one exists. Regardless, even if Respondents had identified a legitimate penological interest,[2] we cannot accept that assertion as fact for purposes of preliminary objections. We were confronted with a similar situation in *Thomas*. There, the Department alleged in its preliminary objections that it had a legitimate penological interest in denying inmates "conjugal visits, namely, the security of the prison and the safety of inmates and staff." *Thomas*, 90 A.3d at 795. We explained

---

[2] In the section of their brief related to whether Derrickson is entitled to declaratory or injunctive relief, Respondents allege that "[i]t is reasonable to require that [Derrickson] get prior approval before making any representations on behalf of the inmate group, so that personal positions are not mixed up with group positions." (Respondents' Br. at 12.) This is the closest statement of a legitimate penological interest found in Respondents' filings. We need not decide whether this is a legitimate penological interest, though, because, for purposes of preliminary objections, we cannot consider matters outside of the Petition.

that, for purposes of a demurrer, we could not accept the Department's stated reasons for the policy as fact because:

> [w]hile all of those concerns set forth in [the Department's] preliminary objections are valid penological interests that could justify their position, those reasons cannot be advanced because when considering a demurrer, a court cannot consider matters collateral to the complaint, but must limit itself to such matters as appear therein, and an effort to supply facts missing from the objectionable pleading makes the preliminary objection in the nature of a demurrer an impermissible "speaking demurrer."

*Id.* (quoting *Mobley v. Coleman*, 65 A.3d 1048, 1053 (Pa. Cmwlth. 2013)). The Court explained that if it were to do so, essentially, it would be "accept[ing] on faith the veracity of these assertions." *Id.* at 796.

Like the Court in *Thomas*, we, too, cannot accept Respondents' factual averment that the Department has a legitimate penological reason, whatever it may be, for its actions. We are constrained to find that, at this early procedural posture, Derrickson's claim must be allowed to proceed.[3]

Respondents assert another basis for their demurrer. They argue that Derrickson is not entitled to declaratory or injunctive relief. With regard to declaratory relief, they argue Derrickson is not entitled to a declaration that his suspension from Hope for Change violated his First Amendment rights. Derrickson, however, is not seeking such a declaration. He is seeking a declaration that recognizes his First Amendment right to communicate with outside prison reform groups and an order declaring any policy or rule prohibiting him from sending

---

[3] Respondents argue that the courts should give substantial deference to the professional judgment of prison administrators. While true, as we stated in *Thomas*, Respondents "must still offer something in addition to simple argument." 90 A.3d at 796. It very well may be that Respondents can proffer a legitimate penological interest for its actions, but, at this procedural posture, Respondents are not entitled to blanket deference.

6

outgoing mail to a prison reform group as unconstitutional. These are proper subjects of a declaratory relief action.

With regard to injunctive relief, the Respondents again argue Derrickson is not entitled to be an officer of an inmate group and that he failed to show irreparable harm. As we have stated throughout, Respondents' focus is misplaced. It bears emphasis that Derrickson's challenge is not simply related to his position as vice president of Hope for Change, but more generally to the infringement of his First Amendment rights and retaliation for exercising those rights. The United States Supreme Court has held that "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). Therefore, provided he can prove his claims, Derrickson would be entitled to injunctive relief.

Based upon Derrickson's concession that Hays should be dismissed because she is not a statewide officer, we sustain the second preliminary objection. This renders moot the first preliminary objection related to service on Hays. Because of the early procedural posture of this case and our limited standard of review of a demurrer, we overrule the third preliminary objection and direct the remaining Respondent, Secretary Wetzel, to file an answer to Derrickson's Petition.

_____
**RENÉE COHN JUBELIRER,** Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rodney Derrickson,                               :
                              Petitioner          :
                                                  :
                v.                               :   No. 467 M.D. 2017
                                                  :
Cindy Hays, John Wetzel,                          :
                              Respondents         :

# **O R D E R**

**NOW**, April 3, 2018, upon consideration of the preliminary objections filed by Cindy Hays (Hays) and John Wetzel (Secretary Wetzel) to the petition for review filed by Rodney Derrickson (Derrickson), pro se, Derrickson's response thereto, and the parties' briefs, it is ordered that the second preliminary objection related to Hays is **SUSTAINED** and Hays is **DISMISSED** from this action, with prejudice. This renders the first preliminary objection related to the service of Hays **MOOT**, and it is **DISMISSED**. The remaining preliminary objection in the nature of a demurrer is **OVERRULED**, and the remaining Respondent, Secretary Wetzel, is ordered to file an answer to Derrickson's petition for review within 30 days of this Order.

_____
**RENÉE COHN JUBELIRER,** Judge