## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shawn Freemore,               :
           Petitioner           :
                                    :
         v.                       :
                                    :
                                    :
Department of Corrections,       :    No. 536 M.D. 2019
           Respondent     :    Submitted: March 13, 2020

OPINION
PER CURIAM                                FILED: May 1, 2020

Before this Court are the Department of Corrections' (Department) preliminary objections (Preliminary Objections) to Shawn Freemore's (Freemore) pro se petition for review in the nature of a complaint for declaratory judgment and injunctive relief (Petition) filed in this Court's original jurisdiction. After review, we sustain the Preliminary Objections and dismiss the Petition.

## **Background**[1]

On December 12, 2011, Freemore was convicted of first-degree murder (Count I), for which the Monroe County Common Pleas Court (sentencing court) sentenced him to life in prison without the possibility of parole. *See* Petition Ex. A (Sentencing Order) at 1; *see also* Petition Exs. B, C. He was also convicted of criminal conspiracy to commit criminal homicide (Count II), for which he was sentenced to 96 to 216 months (i.e., 8 to 18 years) in prison, "to run consecutive[ly] with that imposed on Count I," and "pay the costs of the[] proceedings." Sentencing Order at 2; *see also* Petition Exs. B, C. Lastly, Freemore was convicted of tampering with and/or fabricating physical evidence (Count IV), for which he was sentenced to

---

[1] The following facts are as alleged in the Petition.

serve 6 to 24 months in prison, "for a total aggregate [] sentence of life imprisonment followed by a period of incarceration of not less than eight and [one-]half (8½) years with the maximum not to exceed twenty (20) years." Sentencing Order at 2; *see also* Petition Exs. B, C. Freemore is currently incarcerated at the State Correctional Institution (SCI) at Houtzdale.

On May 31, 2019, the Department sent Freemore notice that he owed $667.50 in costs pursuant to Section 9728(b)(5) of the Sentencing Code (Act 84), 42 Pa.C.S. § 9728(b)(5),[2] and $60.00 for Crime Victim Compensation/Victim Services Fund (CVC) fees (Notice).[3] *See* Petition Ex. D. The Notice informed Freemore that "[t]he [Department would] begin making deductions from [his] inmate account to satisfy [his] financial obligations in accordance with [Act 84] and DC-ADM 005, 'Collection of Inmate Debts.'" Notice at 1.

On June 8, 2019, Freemore challenged the Notice by filing a grievance, wherein he argued that because the Sentencing Order directed his Count II sentence to be served consecutive to his Count I sentence, and he is still serving his Count I sentence, the Department may not now collect Count II costs. *See* Petition Ex. E (Grievance). Freemore requested the Department to "[c]ease commencement of deductions until Count II is being served." Petition Ex. E at 1.

On June 12, 2019, the Grievance Officer denied the Grievance because "Freemore supplied nothing to support his claim that costs are not due because he is not currently serving [C]ount II . . . ." Petition Ex. F (Initial Review Response) at 1.

---

[2] "[Act 84] provides a procedure for [the Department] to collect fines and court costs for which a defendant is liable pursuant to a previous court order." *Russell v. Donnelly*, 827 A.2d 535, 537 (Pa.Cmwlth. 2003).

[3] The $60.00 CVC fee is statutorily mandated and does not require imposition by a sentencing court order. *See* Section 1101 of the Crime Victims Act, Act of November 24, 1998, P.L. 882, *as amended*, 18 P.S. § 11.1101; *Dep't of Corr. v. Tate*, 133 A.3d 350 (Pa. Cmwlth. 2016) (holding that deductions from an inmate account to pay into the CVC fund are statutorily authorized).

On June 27, 2019, Freemore appealed to the Facility Manager, *see* Petition Ex. G (Facility Manager Appeal), therein quoting DC-ADM 005 Section 3.A.2.a (relating to deferred restitution, costs and Act 84 penalty payments) and the Sentencing Order. *See* Facility Manager Appeal, Attachment 1 at 1.

On July 1, 2019, the Facility Manager upheld the Grievance Officer's Initial Review Response on the following basis:

> The Grievance Officer appropriately addressed the issues contained in the [G]rievance. [The] appeal is completely based on [Freemore's] opinion that the [Department] lacks jurisdiction to deduct funds . . . . The [Grievance] Officer has clearly explained the policy and how it [is] applied. [Freemore has] failed to show any proof that support[s] [his] [Grievance] and [he] lack[e]d anything in the appeal to argue the [Grievance] Officer's findings. There is no violation of policy and procedure in handling [Freemore's] debt collection.

Petition Ex. H (Facility Manager's Appeal Response) at 1. On July 12, 2019, Freemore appealed from the Facility Manager's Appeal Response. *See* Petition Ex. I.

On August 8, 2019, the Department notified Freemore that his appeal was referred to the Department's Office of Chief Counsel. *See* Petition Ex. J. On August 21, 2019, the Department issued its Final Appeal Decision, denying the appeal because "the Office of Chief Counsel . . . determined that the Initial Review Response was correct . . . ." Petition Ex. K (Final Appeal Decision) at 1. On September 18, 2019, Freemore filed the Petition with this Court.[4]

---

[4] On October 10, 2019, Freemore filed a motion for preliminary injunction seeking to enjoin the Department from deducting the subject costs from his inmate account pending his appeal, and from filing a motion for summary relief. Although it appears that no further action was taken on Freemore's motion for preliminary injunction, the matter is rendered moot by this opinion.

**Facts**

On November 25, 2019, the Department filed its Preliminary Objections, arguing: (1) this Court lacks jurisdiction because Freemore failed to serve the Petition on the Department; and (2) Freemore failed to state a cause of action upon which relief may be granted (demurrer) because the term *consecutive* in the Sentencing Order refers only to the order in which Freemore's sentences were to be served, and not his financial obligation, which is due immediately. *See* Prelim. Objs. at 1-4. The Department averred:

> 20. [Freemore's] position would lead to an untenable interpretation of the [sentencing] court's orders because if the life sentence is carried out, [Freemore] will be deceased and unable to pay costs imposed at Count [II].
>
> 21. Moreover, as a general rule, the victims of second or subsequent crimes, for which consecutive sentences are imposed, should not be forced to wait for restitution where an inmate has the money in his or her inmate account to pay it.
>
> 22. Such [a]n interpretation runs counter to public policy and undervalues the rights of crime victims to restitution.

Prelim. Objs. at 4. The Department asks this Court to hold that delaying the collection of Act 84 monies for consecutive sentences is not legally required. *See* Department Br. at 5.

On December 17, 2019, Freemore filed a response to the Preliminary Objections, declaring that: (1) he properly served the Petition on the Department by placing it in the prison mailbox on September 13, 2019 (and attached proof that the mailing costs were thereafter deducted from his account and the Petition was sent to the Department by certified mail on September 16, 2019); and (2) he states a viable claim in the Petition, since the Sentencing Order controls, and it clearly stated that the

Count II costs were to be paid when he served his Count II sentence.[5] *See* Freemore Response to Prelim. Objs. at 1-2.

By December 19, 2019 order, this Court overruled the Department's objection that this Court lacked jurisdiction, and directed that the remaining demurrer be submitted on briefs. *See* December 19, 2019 Order. On January 17, 2020, the Department filed its Brief in Support of the Preliminary Objections. On February 19, 2020, Freemore filed his Brief in Opposition to the Preliminary Objections. Accordingly, this matter is ready for disposition.

**Discussion**

The law is well settled:

In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, **it must appear with certainty that the law will not permit recovery**, and any doubt should be resolved by a refusal to sustain them.

A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the [petition for review in the nature of a] complaint and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. **When ruling on a demurrer, a court must confine its analysis to the [petition for review in the nature of a] complaint**.

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (emphasis added; citations omitted). "[C]ourts reviewing preliminary objections may not only consider the facts

---

[5] Freemore further claims that the $60.00 CVC fees are no longer due because he paid them in 2014. *See* Freemore Response to Prelim. Objs. at 2.

5

pled in the complaint, but also any documents or exhibits attached to it." *Allen v. Dep't of Corr.*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014). This Court recognizes:

> 'The allegations of a *pro se* complainant are held to a less stringent standard than that applied to pleadings filed by attorneys. If a fair reading of the complaint shows that the complainant has pleaded facts that may entitle him to relief, the preliminary objections will be overruled.' *Danysh v. Dep't*[] *of Corr.*, 845 A.2d 260, 262-63 (Pa. Cmwlth. 2004) (citation and emphasis omitted), *aff'd*, . . . 881 A.2d 1263 ([Pa.] 2005).

*Dep't of Corr. v. Tate*, 133 A.3d 350, 354 n.8 (Pa. Cmwlth. 2016).

First, the Department argues, based on public policy, that where an inmate is serving consecutive sentences, his obligation to pay Act 84 costs and restitution is due regardless of when the later sentence commences, particularly where Freemore's Count I sentence concludes at his death, and he will thereafter be unable to meet his financial obligations.

The law is well established, and Freemore does not refute, that Act 84 authorizes the Department to deduct monies from his account to pay his court-ordered fines, costs and restitution after he was afforded notice and an opportunity to grieve the deductions. *See* 42 Pa.C.S. § 9728(b)(5); *see also Bundy v. Wetzel*, 184 A.3d 551 (Pa. 2018). Section 9728 of Act 84 also specifies, in relevant part:

> **(b) Procedure.--**
>
> . . . .
>
> (3) The county clerk of courts shall, upon sentencing, . . . transmit . . . to the [Department] . . . copies of all orders for restitution and amendments or alterations thereto, reparation, fees, costs, fines and penalties. This paragraph also applies in the case of costs imposed under [S]ection 9721(c.1) [of the Sentencing Code, 42 Pa.C.S. § 9721(c.1)[6]] (relating to sentencing generally).

---

[6] Section 9721(c.1) of the Sentencing Code provides:

. . . .

(5) Deductions shall be as follows:

> (i) The [Department] shall make monetary deductions of at least 25% of deposits made to inmate wages and personal accounts for the purpose of collecting restitution [and] costs imposed under [S]ection 9721(c.1) [of the Sentencing Code] . . . and any other court-ordered obligation.
>
> . . . .
>
> (iv) The [Department] . . . shall develop guidelines relating to its responsibilities under this paragraph. The guidelines shall be incorporated into any contract entered into with a correctional facility.

**(b.1) Restitution file.--**Upon receipt of each order from the clerk of courts as provided in subsection (b)(3), the department of probation of the respective county . . . shall open a restitution file for the purposes of recording the amounts of restitution deducted by the [Department] . . . .

**(b.2) Mandatory payment of costs.**--Notwithstanding any provision of law to the contrary, in the event the court fails to issue an order under subsection (a) imposing costs upon the defendant, the defendant shall nevertheless be liable for

---

Notwithstanding the provisions of [S]ection 9728 [of Act 84] (relating to collection of restitution, reparation, fees, costs, fines and penalties) or any provision of law to the contrary, in addition to the alternatives set forth in subsection (a), the court shall order the defendant to pay costs. In the event the court fails to issue an order for costs pursuant to [S]ection 9728 [of Act 84], costs shall be imposed upon the defendant under this section. No court order shall be necessary for the defendant to incur liability for costs under this section. The provisions of this subsection do not alter the court's discretion under [Pennsylvania Rule of Criminal Procedure] 706(C) (relating to fines or costs).

42 Pa.C.S. § 9721(c.1). Pennsylvania Rule of Criminal Procedure 706(C) states: "The court, in determining the amount and method of payment of a fine or costs shall, insofar as is just and practicable, consider the burden upon the defendant by reason of the defendant's financial means, including the defendant's ability to make restitution or reparations." Pa.R.Crim.P. 706(C).

costs, as provided in [S]ection 9721(c.1) [of the Sentencing Code], unless the court determines otherwise pursuant to [Pennsylvania Rule of Criminal Procedure] 706(C) (relating to fines or costs). The absence of a court order shall not affect the applicability of the provisions of this section.

**(c) Period of time.--** . . . [T]he period of time during which such judgments shall have full effect may exceed the maximum term of imprisonment to which the offender could have been sentenced for the crimes of which he was convicted or the maximum term of confinement to which the offender was committed.

. . . .

**(g) Costs, etc.--**Any sheriff's costs, filing fees and costs of the . . . appropriate governmental agency, including, but not limited to, any reasonable administrative costs associated with the collection of restitution, transportation costs and other costs associated with the prosecution, shall be borne by the defendant and shall be collected by the . . . appropriate governmental agency along with the total amount of the judgment and remitted to the appropriate agencies at the time of or prior to satisfaction of judgment.

**(g.1) Payment.--**No less than 50% of all moneys collected by the county probation department . . . and deducted pursuant to subsection (b)(5) shall, until the satisfaction of the defendant's restitution obligation, be used to pay restitution to victims. Any remaining moneys shall be used to pay fees, costs, fines, penalties and other court-ordered obligations.

42 Pa.C.S. § 9728.

In accordance with Section 9728(b)(5)(iv) of Act 84, the Department developed the collection guidelines set forth in DC-ADM 005 Section 3. *Boyd v. Pa. Dep't of Corr.*, 831 A.2d 779 (Pa. Cmwlth. 2003), *aff'd*, 886 A.2d 222 (Pa. 2005). DC-ADM 005 Section 3.A ("Collection of Restitution, Reparation, Fees, Costs, Fines, and Penalties . . . Act 84[]") provides:

1. When the County Clerk of Courts provides official court documents showing that restitution, reparation, fees,

costs, fines, and/or penalties were assessed against the inmate, the Inmate Records Supervisor/designee shall file the original and forward a copy of the official court documents to the business office of the facility having custody of the inmate.

2. ***The Business Manager/designee shall:***

a. ***If the Department is in possession of a court order or sentencing transcript, then the Business Manager/designee shall determine if the order that imposes financial obligations on the inmate defers the payment of those obligations to a later date or event ('delay language'). If so, collection of costs as a result of that court order must not begin until the date or event indicated in the court order. In all such cases, the specific terms of a court order will control. Questions concerning the terms of a court order shall be referred to the Act 84 Coordinator.***

b. ***Determine the type of financial obligation and the amount to be entered into the Inmate Accounting System as set forth below.***

. . . .

(2) ***Court costs – if the official court documents show that court costs were assessed against the inmate, then the Business Manager/designee shall determine the date the inmate was sentenced.***

. . . .

(b) ***If the sentencing took place on or after December 26, 2010, then the costs reflected in the official court documents are collectible unless the court specifically waives the court costs.***

. . . .

9

> c. *Determine the amount of* [*CVC*] *costs that are owed . . . and enter them into the Inmate Accounting System.*

DC-ADM 005, Section 3.A (italic and bold emphasis in original). Accordingly, a sentencing court's orders govern the Department's collections from inmate accounts.

> Here, the Sentencing Order specified, in relevant part:

> AND NOW, this 12th day of December 2011, [Freemore] having been found guilty after trial by jury of Count I, Murder [i]n the First Degree, it is the sentence of the [sentencing] court that [Freemore] shall undergo incarceration to be served in the [SCI] for the remainder of his natural life without the possibility of parole.

> WE ALSO DIRECT that **with respect to Count II**, Criminal Conspiracy To Commit Criminal Homicide, a felony of the first degree, **it is the sentence of the [sentencing] court that [Freemore] undergo incarceration** to be served in the [SCI] for a period of not less than ninety-six (96) months with the maximum not to exceed two hundred sixteen (216) months, **and pay the costs of these proceedings**.

> **This sentence shall run consecutive** [sic] **with that imposed on Count I**.

> With respect to Count IV, Tampering and/or Fabricating Physical Evidence, a second degree misdemeanor, WE DIRECT that [Freemore] undergo incarceration in the [SCI] for a period of not less than six (6) months with the maximum not to exceed twenty-four (24) months, for a total aggregate [] sentence of life imprisonment followed by a period of incarceration of not less than eight and [one-]half (8½) years with the maximum not to exceed twenty (20) years.

> [Freemore] shall receive a time credit with respect to the ultimate sentence of life imprisonment commencing the 11th of February 2009.

Sentencing Order at 1-2 (emphasis added).

The parties do not dispute that the sentencing court imposed Freemore's Act 84 costs relative to Count II, and that Freemore's Count II sentence is to be served consecutive to Count I. *See* Department Br. at 7. The sole issue is whether the Department may collect Freemore's Act 84 financial obligation now or wait until his Count II sentence commences.

Freemore does not cite to any provision in Act 84, or case law interpreting it, to support his position that where sentences are to be served consecutively, the Department's collection of fines, costs and restitution is delayed until the consecutive sentence commences. Section 1921 of the Statutory Construction Act of 1972 (SCA) declares, in pertinent part:

> (a) The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions.
>
> (b) When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.
>
> (c) When the words of the statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters:
>
> > (1) The occasion and necessity for the statute.
> >
> > (2) The circumstances under which it was enacted.
> >
> > (3) The mischief to be remedied.
> >
> > (4) The object to be attained.
> >
> > . . . .
> >
> > (6) The consequences of a particular interpretation.

1 Pa.C.S. § 1921. Section 1922 of the SCA provides, in relevant part:

11

In ascertaining the intention of the General Assembly in the enactment of a statute the following presumptions, among others, may be used:

(1) That the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable.

. . . .

(5) That the General Assembly intends to favor the public interest as against any private interest.

1 Pa.C.S. § 1922.

Although both Act 84 and Section 3.A of DC-ADM 005 authorize the Department to deduct costs, fines and restitution from inmate accounts, neither expressly impose specific dates or deadlines for doing so. However, Section 9728(b)(3) of Act 84 directs the county clerk of courts to send orders for payment of costs to the Department "upon sentencing[.]" 42 Pa.C.S. § 9728(b)(3); *see also* DC-ADM 005 Section 3.A.1. Once in possession of the sentencing order, the SCI's business manager must determine if it expressly "defers the payment of those obligations to a later date or event" and, only if it does, may the Department delay making deductions from an inmate account therefor. DC-ADM 005 Section 3.A.2.a (emphasis omitted). Otherwise, Section 9728(b)(5)(i) of Act 84 mandates that "[t]he [Department] shall make [the] monetary deductions . . . ."[7] 42 Pa.C.S. § 9728(b)(5)(i). Notably, Section 9728(b.2) of Act 84 makes the inmate liable for paying costs even if the sentencing court fails to order them.[8] *See* 42 Pa.C.S. § 9728(b.2), (g); *see also* DC-ADM 005 Section 3.A.2.b (the SCI's business manager

---

[7] "The term 'shall' rather than 'may' imports the mandatory, rather than discretionary, nature of the statute." *Gillespie v. Dep't of Corr.*, 527 A.2d 1061, 1065 (Pa. Cmwlth. 1987).

[8] The CVC fund is also statutorily mandated and does not require imposition by a sentencing court. *See* Section 1101(a), (e) of the Crime Victims Act ((a) requiring a person convicted of a crime to "pay costs of at least $60[.00]" to the CVC fund and (e) stating that "[n]o court order shall be necessary in order for the defendant to incur liability for costs under this section"); *Tate* (holding that deductions from an inmate account to pay into the CVC fund are statutorily authorized).

calculates costs and CVC). Moreover, Section 9728(c) of Act 84 anticipates that an inmate's cost judgments "may exceed the maximum term of imprisonment[.]" 42 Pa.C.S. § 9728(c). Accordingly, this Court concludes that the General Assembly did not intend by Act 84 that the Department is authorized to collect costs, fines and restitution only during the corresponding confinement. Such conclusion is consistent with this Court's ruling that "whether incarcerated or not, persons have an obligation to pay [] costs, fines and restitution." *Sweeney v. Lotz*, 787 A.2d 449, 452 (Pa. Cmwlth. 2001); *see also Russell v. Donnelly*, 827 A.2d 535 (Pa. Cmwlth. 2003).

Moreover, based upon this Court's research, the reference in DC-ADM 005 Section 3.A.2.a to sentencing orders that defer an inmate's financial obligations to a later date or event, are those in which the sentencing court clearly and expressly specified a date or event, like parole or release. *See Morgalo v. Gorniak*, 134 A.3d 1139 (Pa. Cmwlth. 2016); *see also Lambing v. Dep't of Corr.* (Pa. Cmwlth. No. 488 M.D. 2017, filed December 19, 2018); *Zellie v. Dep't of Corr.* (Pa. Cmwlth. No. 97 M.D. 2011, filed March 1, 2012).[9] This Court located no case law in which the mere association of such payments to a consecutive sentence were deemed delayed until the commencement of that consecutive term of incarceration. In fact, when faced with a similar argument in *Rega v. Pennsylvania Department of Corrections* (Pa. Cmwlth. No. 244 M.D. 2017, filed January 31, 2018), *aff'd*, (Pa. No. 12 WAP 2018, filed January 23, 2019), this Court stated:

> Rega argues that his sentence . . . was to run consecutive to another sentence and therefore, his fines are not due until that sentence is completed. Rega cites no authority for this position. **Nor are we convinced that the sentencing court intended that Rega pay the fines after his other sentence**

---

[9] This Court acknowledges that its unreported memorandum opinions may only be cited "for [their] persuasive value, but not as binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). Accordingly, the unreported opinions cited herein are cited for their persuasive value.

13

> **was completed, particularly since that sentence was death**.

Slip op. at 9 (emphasis added). This Court is no more convinced that the sentencing court in the instant matter intended to delay Freemore's costs and CVC fee until after he completed his life sentence (i.e., after his death). Certainly, where the Commonwealth's interest in Act 84 is "rehabilitation of the criminal and compensation to the victim of wrongful conduct[,]" *Sweeney*, 787 A.2d at 452, weighing public policy of reimbursing taxpayers and victims against Freemore's private interest, this Court must conclude that the public interest is better served by promptly collecting Freemore's costs and CVC fee than, in effect, waiving them.

## Conclusion

Based on the foregoing, accepting the allegations in Freemore's Petition as true, as we must, because it "appear[s] with certainty that the law will not permit recovery," *Torres*, 997 A.2d at 1245, this Court sustains the Department's Preliminary Objections and dismisses Freemore's Petition.

14

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shawn Freemore,             :
           Petitioner        :
                            :
        v.                   :
                            :
                            :
Department of Corrections,     :     No. 536 M.D. 2019
           Respondent     :

PER CURIAM

O R D E R

AND NOW, this 1st day of May, 2020, the Department of Corrections' preliminary objections to Shawn Freemore's (Freemore) pro se petition for review in the nature of a complaint for declaratory judgment and injunctive relief (Petition) are SUSTAINED, and Freemore's Petition is DISMISSED.

Freemore's motion for preliminary injunction is DISMISSED as moot.