Thomas P. SWEENEY, Appellant,

v.

Lisa Weiland LOTZ.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 26, 2001.

Decided Dec. 21, 2001.

Thomas P. Sweeney, appellant, pro se.

Leo M. Stepanian, II, Butler, for appellee.

Before DOYLE, President Judge, McGINLEY, Judge, and McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

Thomas P. Sweeney (Appellant) appeals *pro se* from an order of the Court of Common Pleas of Butler County (trial court), denying his petition for stay of execution. We affirm.

The facts of this case are not in dispute. Appellant was convicted of third-degree homicide. In July of 1991, Appellant was sentenced to a period of incarceration of seven to fourteen years. Appellant was further directed to pay restitution in the amount of $2008.50 to a Judith Snyder. Appellant was thereafter incarcerated at the State Correctional Institution at Mercer (SCI–Mercer). In May of 2000, Lisa Weiland Lotz (Lotz), Clerk of Courts of the trial court, filed a notice with SCI–Mercer pursuant to Section 9728(b)(5) of the Sentencing Code (commonly referred to as Act 84), 42 Pa.C.S. § 9728(b)(5), for the collection of outstanding costs, fines and restitution from Appellant.[1] In the notice, Lotz requested that DOC/SCI–Mercer withhold twenty percent (20%) of Appellant's prison account. DOC/SCI–Mercer complied with the notice and began making the requested withholdings.

In January of 2001, Appellant filed a petition for stay of execution with the trial court, alleging that Section 9728(b)(5) was unconstitutional as it denied him the right to equal protection.[2] More specifically, Appellant alleged that he, an incarcerated individual, was not afforded the same rights and privileges as others similarly situated, such as the right to file a $300.00 claim for exemption available to non-incarcerated judgment debtors. *See* Section

---

1. In June of 1998, the General Assembly passed the Act of June 18, 1998, P.L. 640 (Act 84), which substantially modified Section 9728 of the Sentencing Code, 42 Pa.C.S. § 9728. In particular, Act 84 included a new Section 9728(b)(5), essentially authorizing the Department of Corrections (DOC) to collect costs, fines and restitution from inmate prison accounts and to forward the same to the designated representative of the sentencing county.

2. In his petition, Appellant cited to Pa. R.C.P. No. 3162(b)(2), which provides a stay of execution "as to all or any part of the property" of a defendant upon a showing of "any other legal or equitable ground." Appellant also cited to Pa. R.C.P. No. 3162(d)(2), (3), which provide that a court may "set aside the writ or service .... upon a showing of exemption .... of property from execution" or "upon any other legal or equitable ground."

8123(a) of the Judicial Code, 42 Pa.C.S. § 8123(a). By opinion and order dated February 20, 2001, the trial court denied Appellant's petition. In its opinion, the trial court dismissed Appellant's constitutional claim as lacking merit and further noted that Pa. R.C.P. No. 3162 refers to civil, not criminal, matters. Appellant thereafter filed a notice of appeal with the trial court.[3]

■ On appeal, Appellant once again argues that Section 9728(b)(5) of the Sentencing Code was unconstitutional as it denied him the right to equal protection.[4] Appellant argues that the trial court erred as a matter of law in failing to recognize the same. We disagree.

Section 9728(b)(5) provides, in full, as follows:

> The county correctional facility to which the offender has been sentenced or the Department of Corrections shall be authorized to make monetary deductions from inmate personal accounts for the purpose of collecting restitution or any other court-ordered obligation. Any amount deducted shall be transmitted by the Department of Corrections or the county correctional facility to the probation department of the county or other agent designated by the county commissioners of the county with the approval of the president judge of the county in which the offender was convicted. The Department of Corrections shall develop guidelines relating to its responsibilities under this paragraph.

42 Pa.C.S. § 9728(b)(5).

■ The law is well settled that duly enacted legislation carries with it a strong presumption of constitutionality. *Commonwealth v. Swinehart*, 541 Pa. 500, 664 A.2d 957 (1995). The presumption of constitutionality will not be overcome unless the legislation is clearly, palpably, and plainly in violation of the constitution. *Id.* Moreover, "[w]here, as here, the challenged action does not involve a suspect classification; i.e., one based on race, alienage or national origin, and does not burden a fundamental constitutional right, the legislative actions are subject to a rational basis review. Under this standard, the challenged classification must be upheld if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Jubelirer v. Singel*, 162 Pa.Cmwlth. 55, 638 A.2d 352, 361 (1994) (citations omitted).

Once more, Appellant points to Section 8123(a) of the Judicial Code, addressing a $300.00 exemption claim for judgment debtors. However, as Lotz notes in her brief to this Court, this Section applies to civil judgments and other liens. In contrast, Section 9728(b)(5) of the Sentencing Code applies to the collection of costs, fines and restitution in the context of a criminal proceeding. Additionally, as Lotz also points out in her brief to this Court, the exemption provided for in this Section was to afford the judgment debtor the necessities of life, i.e., food, clothing and shelter. *See Beneficial Consumer Discount Co. v. Hamlin*, 263 Pa.Super. 393, 398 A.2d 193 (1979). Such concerns are not relevant in the present situation, as the individual will continue to be afforded

---

**3.** Appellant initially sought an appeal with our Superior Court, which in turn transferred the appeal to this Court.

**4.** In his brief to this Court, Appellant raises three separate issues for review, each essentially challenging the constitutionality of Section 9728(b)(5) of the Sentencing Code. However, in the argument section of his brief, Appellant does not differentiate between the issues. Instead, Appellant raises these issues as one consolidated argument. We shall address these issues in the same manner.

these necessities as a ward of the Commonwealth. Further, our Superior Court has previously indicated that the Commonwealth has a rational and legitimate interest in the rehabilitation of the criminal and in providing compensation to the victim of wrongful conduct. *See Commonwealth v. Colon,* 708 A.2d 1279 (Pa.Super.1998).[5]

Appellant also points to Section 8127(a)(3.1) of the Judicial Code, 42 Pa. C.S. § 8127(a)(3.1). Section 8127(a), 42 Pa.C.S. § 8127(a), states the general rule that "wages, salaries and commissions of individuals shall while in the hands of the employer be exempt from any attachment, execution or other process." This Section goes to state exceptions to this general rule, including "damages awarded to a judgment creditor-landlord arising out of a residential lease upon which the court has rendered judgment which is final." 42 Pa.C.S. § 8127(a)(3.1).

This Section, and the part relied upon by Appellant, goes on to state that the "sum attached shall be no more than 10% of the net wages per pay period of the judgment debtor-tenant or a sum not to place the debtor's net income below the poverty income guideline as provided annually by the Federal Office of Management and Budget, whichever is less." We fail to see how this latter section, addressing a landlord-tenant dispute and subsequent award of damages, supports Appellant's position. Moreover, Section § 8127(a)(5), 42 Pa.C.S. § 8127(a)(5), provides a specific exception to the general rule for "restitution to crime victims, costs, fines or bail judgments pursuant to an order entered by a court in a criminal proceeding." Hence, whether incarcerated or not, persons have an obligation to pay these costs, fines and restitution.

In sum, Section 9728(b)(5) of the Sentencing Code does not treat similarly situated individuals differently. Rather, this Section merely provides the procedural mechanism for collecting items such as costs, fines and restitution from incarcerated judgment debtors. *See Sweatt v. Department of Corrections,* 769 A.2d 574 (Pa. Cmwlth.2001). Furthermore, even if we were to find a distinction in treatment, the Commonwealth has a rational basis for the same that advances a legitimate Commonwealth interest, i.e., rehabilitation of the criminal and compensation to the victim of wrongful conduct. *Colon.* Thus, we cannot say that the trial court erred as a matter of law in failing to find that Section 9728(b)(5) of the Sentencing Code was unconstitutional in that it denied Appellant the right to equal protection.

Accordingly, the order of the trial court is affirmed.[6]

### ORDER

AND NOW, this 21st day of December, 2001, the order of the Court of Common Pleas of Butler County is hereby affirmed.

---

5. In *Colon,* our Superior Court indicated that "[t]he practice of ordering restitution or reparation as such a condition is widely established and highly favored in the law, as an aid both to the criminal in achieving rehabilitation and to his victim in obtaining some measure of redress." *Colon,* 708 A.2d at 1282.

6. We note that in their briefs to this Court, both Appellant and Lotz reference guidelines established by DOT regarding the withdrawal of monies pursuant to Section 9728(b)(5) of the Sentencing Code. Lotz specifically indicates that these guidelines only permit a withdrawal from an inmate account when the account reaches a certain amount and that said withdrawal cannot exceed a certain percentage of the account. Nevertheless, these guidelines were not made part of the record before the trial court and, hence, are not part of the record before this Court.