Thomas W. Wojnarowski, :
:
Petitioner :
:
v. : No. 440 M.D. 2020
: Submitted: February 12, 2021
John E. Wetzel, Secretary of the :
Department of Corrections, SCI- :
Somerset, Business Manager, :
Records Supervisor, Warden :
Chief Counsel DOC, Westmoreland :
County Clerk of Courts, :
Westmoreland Common Pleas :
Court, :
:
Respondents :

BEFORE:   HONORABLE P. KEVIN BROBSON, President Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                          FILED:  December 6, 2021

Before this Court, in our original jurisdiction, are Respondents'[1] Preliminary Objections (POs) to the Petition for Review (PFR) filed by Thomas W. Wojnarowski (Wojnarowski) seeking to enjoin Respondents from withdrawing funds from his inmate account pursuant to Section 9728(b)(5) of the Sentencing

---

[1] The named Respondents are John E. Wetzel, Secretary of the Department of Corrections (Department); State Correctional Institution (SCI)-Somerset Business Manager, SCI-Somerset Records Supervisor, SCI-Somerset Warden, and Chief Counsel of the Department (collectively, Department); Westmoreland County Clerk of Courts (County Clerk), and the Westmoreland County Court of Common Pleas (Sentencing Court).

Code, 42 Pa. C.S. §9728(b)(5), commonly referred to as Act 84.[2] For the reasons that follow, we sustain Respondents' POs in the nature of demurrer and dismiss the PFR.

## I. Facts Averred

Wojnarowski, an inmate currently incarcerated at the State Correctional Institution (SCI) at Laurel Highlands,[3] initiated this action by filing a *pro se* PFR against Respondents challenging the collection of court-ordered fines, costs, and restitution from his inmate account.

According to the facts averred in the PFR and the exhibits attached thereto,[4] by order dated December 12, 2007, the Sentencing Court sentenced

[2] Section 9728 was added to the Sentencing Code by the Act of June 18, 1988, P.L. 640, No. 84. "[Act 84] provides a procedure for [the Department] to collect fines and court costs for which a defendant is liable pursuant to a previous court order." *Freemore v. Pennsylvania Department of Corrections*, 231 A.3d 33, 35 n.2 (Pa. Cmwlth. 2020) (quoting *Russell v. Donnelly*, 827 A.2d 535, 537 (Pa. Cmwlth. 2003)).

[3] When Wojnarowski instituted this action, he was an inmate at SCI-Somerset. By letter dated June 21, 2021, Wojnarowski notified the Court that he was transferred to SCI-Laurel Highlands.

[4] Wojnarowski attached the following Exhibits to his PFR: (1) Collection of Inmate Debts (1/18/08); (2) Inmate Request to Staff Member (8/1/19); (3) Inmate Request to Staff Member (8/5/19); (4) Sentencing Order (12/12/07); (5)-(6) Court Commitment Form (12/20/07); (7) Sentence & Order for Taxing Costs (12/12/07); (8) Inmate Account (1/18/08); (9) Westmoreland County Court of Common Pleas Docket No. CP-65-CR-0004187-2006; (10) Letter to County Clerk (3/27/12); (11)-(12) Itemized Account of Fines, Costs, Fees, and Restitution (2/3/09); (13) Somerset County Prothonotary Civil Case Print (7/14/20); (14) *Wojnarowski v. Wetzel* (C.P. Somerset, No. 349 Civil 2020, filed July 14, 2020) (memorandum and order transferring the case to this Court); and (15) Complaint Cover Sheet for *Wojnarowski v. Wetzel* (C.P. Somerset, No. 349 Civil 2020, filed July 2, 2020).

Additionally, Wojnarowski attached the following exhibits to his brief, some of which were already attached as exhibits to the PFR: (1)-(5) Westmoreland County Court of Common Pleas **(Footnote continued on next page…)**

2

Wojnarowski to a term of 20 to 40 years' incarceration at Westmoreland County Court of Common Pleas Docket No. (Docket No.) CP-65-CR-0004187-2006. PFR, at 5 and Exhibit Nos. 4, 9. As part of the sentence, the Sentencing Court ordered Wojnarowski to pay the costs and fines as well as Crime Victims Compensation Fund restitution. Prior to his incarceration, Wojnarowski was sentenced to fines and costs at Docket Nos. CP-65-CR-0002207-2003, CP-65-SA-0000331-2005 and CP-65-CR-00004187-2006. PFR, ¶1, at 5; *see* Petitioner's Brief, Exhibit No. 10; *see also* Docket Nos. CP-65-CR-0002207-2003, CP-65-SA-0000331-2005 and CP-65-CR-00004187-2006. Upon his commitment, the County Clerk notified the Department that Wojnarowski owed a total of $8,971.42 for unpaid costs, fines, and restitution at Docket No. CP-65-CR-0004187-2006. PFR, ¶3 and Exhibit Nos. 5, 8, 9. Soon thereafter, the Department began making deductions from Wojnarowski's inmate account. PFR, Exhibit No. 2.

On March 27, 2012, Wojnarowski sent a letter to the County Clerk stating that he "was unable to pay fines . . . ." PFR, ¶4. Notwithstanding, the Department inmate accounting office continued deducting 20% from his account and forwarding it to the County Clerk without Wojnarowski's authorization or consent. PFR, ¶6. As of June 26, 2020, a total of $2,532.90 had been withdrawn from his inmate account. PFR, ¶6.

In January 2008, Wojnarowski sent a request to the Department accounting office regarding the deductions. PFR, ¶7. In response, the Department sent him a Collection of Inmate Debts letter dated January 18, 2008. PFR, Exhibit

Docket No. CP-65-SA-0000331-2005; (6)-(9), (11)-(13) Westmoreland County Court of Common Pleas Appeal Docket No. CP-65-CR-0004187-2006; (10) Participant Payment Summary (9/3/19); (14) Sentencing Order (12/12/07); (15)-(16) Court Commitment Form (12/20/07); (17) Collection of Inmate Debts (1/18/08); (18) Inmate Request to Staff Member (8/15/20); (19) Inmate Request to Staff Member (8/1/19); and (20) Inmate Request to Staff Member (8/5/19).

No. 1.  The letter advised that the Department would continue to deduct payments of 20% from his inmate account in accordance with Department policy.  *Id.*

In August 2019, Wojnarowski sent two informal requests to the Department to discover why the Department was deducting money from his inmate account without his authorization.  PFR, ¶7 and Exhibit Nos. 2-3.  He asked the Department to stop making deductions and to provide him with a copy of any and all documents from the Sentencing Court authorizing such deductions.  PFR, ¶7 and Exhibit Nos. 2-3.  The Department responded that the money is owed in connection with the Sentencing Court orders, and it provided him with a breakdown of charges.  PFR, ¶8 and Exhibit Nos. 2-3.  On August 19, 2019, Wojnarowski filed an administrative grievance, which was denied.  PFR, ¶10.

Wojnarowski now seeks relief in this Court.  Wojnarowski's claims are threefold.  First, Wojnarowski raises a due process claim on the basis that he was never afforded a hearing regarding his financial ability to pay fines, costs, and restitution as required by Section 9730(b) of the Sentencing Code, 42 Pa. C.S. §9730(b). PFR, ¶4.  Wojnarowski takes issue with the Department's application of funds to satisfy court-ordered costs on his prior convictions without a Section 9730(b) delinquency hearing.  PFR, ¶¶1, 18.  Second, Wojnarowski asserts that he was not advised that he would be required to pay fines, costs and restitution while incarcerated when he entered his plea bargain at Docket No. CP-65-CR-0004187-2006. PFR, ¶5. The Sentencing Court's order does not state that Wojnarowski must pay these obligations "while incarcerated."  PFR, ¶4; *see* PFR, Exhibit No. 4.  Third, Wojnarowski contends that a deduction in the amount of 20% creates a financial burden upon him, which he is unable to afford.  PFR, ¶17.  Wojnarowski's only source of income is his prison wages in the amount of .17 cents to .32 cents per hour,

4

for an average of 30 hours per week, and personal gifts from family and friends. PFR, ¶¶5, 17. For relief, Wojnarowski asks this Court to enjoin Respondents from taking any further unlawful deductions from his inmate account, order them to reimburse all monies illegally deducted, and provide him with a hearing to determine his financial ability to make the court-ordered payments from his account.

In response, the Department, the County Clerk, and the Sentencing Court filed separate POs. The Department and the County Clerk Respondents similarly demur on the ground that Wojnarowski failed to state a claim upon which relief may be granted. They maintain that the Department is authorized to take monetary deductions, without a pre-deduction hearing, from Wojnarowski's inmate account to pay the court-ordered costs and restitution because the Sentencing Court's order does not defer the payment of these financial obligations until his release from incarceration. The County Clerk additionally objects on the basis that he did not receive service of process of the PFR from Wojnarowski.[5] The Sentencing Court demurs on the ground that the PFR fails to state any claims specifically against it. In addition, the Sentencing Court preliminarily objects on the grounds that this Court lacks jurisdiction over the actions of the Sentencing Court because there is no pending appeal and any potential claims against it are barred by sovereign immunity.[6] For these reasons, Respondents ask this Court to sustain their POs and dismiss Wojnarowski's PFR. Wojnarowski filed an answer to the POs. Respondents' POs are now before us for review.

---

[5] The County Clerk states that he obtained a copy of the PFR from this Court.

[6] We note that "[s]overeign immunity is an affirmative defense which ordinarily should be raised as new matter[] but may be raised in [POs] when to delay a ruling thereon would serve no purpose." *Stackhouse v. Pennsylvania State Police*, 892 A.2d 54, 60 n.7 (Pa. Cmwlth. 2006) (citing *Faust v. Department of Revenue*, 592 A.2d 835, 838 n.3 (Pa. Cmwlth. 1991)).

## II. Discussion
### A. Legal Standards

Pennsylvania Rule of Civil Procedure 1028(a)(4) provides that a PO may be filed for legal insufficiency of a pleading (demurrer) as well as lack of jurisdiction or improper service. Pa.R.Civ.P. 1028(a)(1), (4). In ruling on POs in the nature of a demurrer, the Court must accept as true all well-pleaded allegations of material fact, as well as inferences deducible therefrom. *Aviles v. Pennsylvania Department of Corrections*, 875 A.2d 1209, 1211 n.3 (Pa. Cmwlth. 2005). In addition, courts reviewing POs may also consider any documents or exhibits attached to the PFR. *Lawrence v. Pennsylvania Department of Corrections*, 941 A.2d 70, 71 (Pa. Cmwlth. 2007). It is not necessary to accept as true any averments in the PFR that conflict with exhibits attached to it. *Id.* Conclusions of law, unwarranted inferences from the facts, argumentative allegations, or expressions of opinion are not admitted. *Portalatin v. Pennsylvania Department of Corrections*, 979 A.2d 944, 947 (Pa. Cmwlth. 2009). A demurrer may be sustained only where it appears with certainty that the law will not permit recovery under the allegations pleaded. *County of Dauphin v. City of Harrisburg*, 24 A.3d 1083, 1089 (Pa. Cmwlth. 2011). Any doubt must be resolved in favor of overruling a demurrer. *Id.*

### B. Respondents' Demurrers

We begin our review with the Department's and the County Clerk's demurrers on the basis that Wojnarowski has failed to state a claim upon which relief may be granted. The Department and the County Clerk assert that Wojnarowski cannot maintain a cause of action against them on the basis that they lack authority to deduct funds from his inmate account for the payment of court-ordered costs and restitution. Under Act 84, no hearing is required prior to making the deductions. The Department is authorized to deduct the funds pursuant to Act 84 based on the

6

sentencing order, which imposed these financial obligations without any delay language. The County Clerk is authorized to calculate costs due. They maintain that all money in the inmate account, including personal gifts and prison income, are subject to deductions.

First, Section 9728(b)(3) of the Sentencing Code directs the county clerk of courts to send orders for payment of costs to the Department upon sentencing. 42 Pa. C.S. §9728(b)(3). The calculation of costs imposed by the sentencing court is a ministerial act, which is appropriate for the clerk of courts to perform following sentencing. *Richardson v. Department of Corrections*, 991 A.2d 394, 397 (Pa. Cmwlth. 2010). Therefore, it was proper for the County Clerk to calculate the court-ordered costs and provide this information to the Department.

Act 84 authorizes the Department to make monetary deductions from an inmate's account to pay court-ordered restitution, costs, and fines. 42 Pa. C.S. §9728(b)(5); *Boyd v. Pennsylvania Department of Corrections*, 831 A.2d 779, 782-84 (Pa. Cmwlth. 2003). As for whether a pre-deduction hearing is required, our Supreme Court recently explained:

> [P]risoners are entitled, under the Due Process Clause of the Fourteenth Amendment, [U.S. Const. amend. XIV,] to notice of certain items and a reasonable opportunity to object before the first Act 84 deduction is made. These items include the Department's Act 84 deduction policy, the prisoner's total monetary obligation to the Commonwealth, the rate at which funds will be deducted from his account, and the funds which will be subject to withdrawals.

*Johnson v. Wetzel*, 238 A.3d 1172, 1182 (Pa. 2020) (citing *Bundy v. Wetzel*, 184 A.3d 551, 558-59 (Pa. 2018); *Montanez v. Secretary Pennsylvania Department of Corrections*, 773 F.3d 472, 486 (3d Cir. 2014)). "These measures will help protect

against errors in the Department's application of its Act 84 deduction policy without significantly impeding its ability to carry out essential functions." *Bundy*, 184 A.3d at 559. However, where the Act 84 deductions occurred prior to this judicial precedent entitling prisoners to pre-deprivation process, "the availability of a meaningful post-deprivation remedy satisfies due process." *Johnson*, 238 A.3d at 1182 (quoting *Bundy*, 184 A.3d at 557).

The Department's Act 84 deductions began in 2009, prior to the judicial precedent entitling prisoners to pre-deprivation process. *See* PFR, Exhibit No. 2. However, as Wojnarowski avers, he filed informal queries with the County Clerk and Department regarding the deductions. PFR, ¶¶3-4, 7 and Exhibit Nos. 2-3. The Department responded to each inquiry and provided him with a Collection of Inmate Debts letter, which notified him of the Department's policy, the rate of deduction, and a breakdown of all charges. PFR, ¶¶7, 9 and Exhibit Nos. 1-3. Wojnarowski also filed an administrative grievance challenging the deductions from his account, which the Department denied. PFR, ¶10. This post-deprivation process satisfies due process. *Johnson*, 238 A.3d at 1182; *Bundy*, 184 A.3d at 557.

Notably, Wojnarowski does not claim that the costs are in error. Rather, he asserts that he cannot afford them. Because incarcerated individuals are provided with all of life's necessities free of charge, regardless of the amount of funds in their account, it may not reasonably be determined that deductions pursuant to Act 84 impose a substantial financial hardship. *Buck v. Beard*, 879 A.2d 157, 161 (Pa. 2005); *Sweeney v. Lotz*, 787 A.2d 449, 451-52 (Pa. Cmwlth. 2001).

As for Wojnarowski's claim that he is entitled to an ability-to-pay hearing pursuant to Section 9730(b) of the Sentencing Code, with regard to costs owed on his other sentences, his reliance on this provision is misplaced. Although

8

Section 9730(b) permits a court to examine a defendant's financial ability to pay, this provision "applies only when the defendant's sentence prescribes financial obligations *without confinement*." *Department of Corrections v. Tate*, 133 A.3d 350, 356 (Pa. Cmwlth. 2016) (emphasis added). Although some of Wojnarowski's prior sentences imposed costs without confinement, the fact remains that Wojnarowski is incarcerated. Consequently, he is not entitled to a Section 9730(b) hearing. *See id.*

Second, a sentencing court's order governs the Department's collections from inmate accounts. *Freemore v. Pennsylvania Department of Corrections*, 231 A.3d 33, 39 (Pa. Cmwlth. 2020). In accordance with Act 84, the Department developed collection guidelines set forth in Section 3 of DC-ADM 005. Of particular relevance here, Section 3.A.2.a, provides:

> 2. The Business Manager/designee shall:
>
> a. If the Department is in possession of a court order or sentencing transcript, then the Business Manager/designee shall determine if the order that imposes financial obligations on the inmate defers the payment of those obligations to a later date or event ("delay language"). If so, collection of costs as a result of that court order must not begin until the date or event indicated in the court order. In all such cases, the specific terms of the court order will control the collection. Questions concerning the terms of a court order shall be referred to the Act 84 Coordinator

Section 3.A.2.a of DC-ADM 005 (original emphasis omitted).[7]

_____

[7] The Department's Collection of Inmate Debts policy is available at https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/005%20Collection%20of%20Inmate%20Debts.pdf (last visited December 3, 2021). This policy applies to court-ordered costs, such as the costs of prosecution, constable fees, supervision fees, etc. It does not apply to statutorily mandated costs imposed by the sentencing court, such as costs payable to the Crime Victims Compensation Fund. Regarding the latter statutorily mandated costs, the Department may deduct funds towards payment of the sentencing order's imposition of said costs during **(Footnote continued on next page…)**

As this Court has explained:

> Once in possession of the sentencing order, the SCI's business manager must determine if it expressly "defers the payment of those obligations to a later date or event" and, only if it does, may the Department delay making deductions from an inmate account therefor. DC-ADM 005 Section 3.A.2.a (emphasis omitted). Otherwise, Section 9728(b)(5)(i) of Act 84 mandates that "[t]he [Department] shall make [the] monetary deductions . . . ." 42 Pa. C.S. §9728(b)(5)(i).

*Freemore*, 231 A.3d at 41 (footnote omitted).

Recently, in *Lambing v. Department of Corrections* (Pa. Cmwlth., No. 488 M.D. 2017, filed July 23, 2020),[8] we examined *when* the Department may collect court-ordered costs. Recognizing that the express terms of a sentencing order govern, where the sentencing order expressly defers the payment of such costs until after incarceration, the Department is not authorized to make deductions from an inmate's prison account. In *Lambing*, the sentencing order clearly directed that "defendant *shall pay the total due in monthly installments during the period of parole*." *Lambing*, slip op. at 6. Based on this language, we enjoined the Department from making deductions for court-ordered costs while the defendant was incarcerated.

---

incarceration. *See, e.g.*, Section 1101(e) of the Crime Victims Act, Act of November 24, 1998, P.L. 882, *as amended*, 18 P.S. §11.1101(e) (addressing Crime Victims Compensation Fund and Victim Witness Service Fund and providing that "[n]o court order shall be necessary in order for the defendant to incur liability for costs under this section. Costs under this section must be paid in order for the defendant to be eligible for probation, parole or accelerated rehabilitative disposition"); *see also Spotz v. Commonwealth*, 972 A.2d 125, 134 (Pa. Cmwlth. 2009) (noting that "non-waivable, statutorily mandated costs are deductible absent any express court order").

[8] Section 414(a) of this Court's Internal Operating Procedures authorizes the citation of unreported panel decisions issued after January 15, 2008, for their persuasive value, but not as binding precedent. 210 Pa. Code §69.414(a).

Here, the Sentencing Court's order at Docket No. CP-65-CR-0004187-2006 breaks down the costs payable by Wojnarowski into court-ordered costs, such as the costs of prosecution, constable fees, supervision fees and treatment costs, and statutorily mandated costs, such as costs payable to the Crime Victims Compensation Fund, by checking boxes on a standard order of court/sentence form. Specifically, the sentencing order directs Wojnarowski to:

☑ PAY COSTS OF PROSECUTION, PERTINENT CONSTABLE FEES, EMSA FEE, MCARE FUND SURCHARGE, A MONTHLY SUPERVISION FEE DURING TERM OF COURT SUPERVISION, AND COSTS OF TREATMENT OR OTHER ORDER[ED] PROGRAMS. **ADULT PROBATION TO DETERMINE PAYMENT SCHEDULE FOR COSTS/FINES**.

☑ PAY RESTITUTION OF *$5315.00 – Crime Victims Comp.* AS DOCUMENTED ON THE VICTIM RESTITUTION CLAIM FORM MADE PART OF THE RECORD . . . .

PFR, Exhibit No. 4 (bold emphasis added; italics emphasis reflects handwritten portion of the order).

Wojnarowski appears to rely on the language that "ADULT PROBATION TO DETERMINE PAYMENT SCHEDULE FOR COSTS/FINES" as support for his position that he was not required to make any payments during his incarceration, only after. *See* PFR, Exhibit No. 4. However, this language relates only to court-ordered costs and not to the Crime Victims Compensation Fund restitution. Moreover, unlike in *Lambing*, the sentencing order here does not expressly order Wojnarowski to pay court-imposed costs "during the period of parole" or otherwise defer payment to a later date or event. Rather, the sentencing order merely refers to the payment schedule that will be set up following

11

Wojnarowski's release from incarceration to pay any balance still owed. This provision is consistent with Act 84, which provides that upon release from incarceration, any costs remaining shall be collected by the county probation department or appropriate county agency, with the approval of the court. 42 Pa. C.S. §9728(a)(1).

Upon review, the sentencing order does not support Wojnarowski's contention that he is not required to make any payments until his release from incarceration. Absent express delay language in the sentencing order itself, the Department was under no duty to defer collection of court-imposed costs. 42 Pa. C.S. §9728(b)(5)(i).

Third, regarding the alleged impropriety of making deductions from gifts or wages in Wojnarowski's inmate account, Act 84 provides that the Department "*shall* make monetary deductions of at least 25% of deposits made to *inmate wages and personal accounts* for the purpose of collecting restitution, costs imposed under [S]ection 9721(c.1), filing fees to be collected under [S]ection 6602(c) (relating to prisoner filing fees) and any other court-ordered obligation." 42 Pa. C.S. §9728(b)(5) (emphasis added). Monetary gifts placed into an inmate's account are subject to Act 84 deductions. *Bundy*, 184 A.3d at 555; *Danysh v. Department of Corrections*, 845 A.2d 260, 262 (Pa. Cmwlth. 2004), *aff'd*, 881 A.2d 1263 (Pa. 2005). Likewise, an inmate's prison wages are subject to Act 84 deductions as well. 42 Pa. C.S. §8127(a)(5); *Danysh*, 845 A.2d at 262. The source of funds in an inmate account, whether derived from wages, gifts, or government benefits, is of no moment. *Bundy*, 184 A.3d at 555; *Danysh*, 845 A.2d at 262. Act 84 authorizes the Department to make deductions from any funds deposited into an inmate's account. *Bundy*, 184 A.3d at 555; *Danysh*, 845 A.2d at 262. Thus, there is

12

no legal basis upon which to exempt these monies from any future Act 84 deductions or to seek reimbursement for deductions taken from his inmate account.

Upon review, the Department is authorized to make deductions pursuant to Act 84 and the Sentencing Court's order, which did not contain express deferment language. Wojnarowski was afforded adequate post-deprivation process regarding the Act 84 deductions. Personal gifts and wages are not immune from deduction. Therefore, he is not entitled to the injunctive relief requested. For these reasons, we sustain the Department's and the County Clerk's demurrers for failure to state a claim upon which relief may be granted.

Turning to the Sentencing Court's demurrer, the Sentencing Court demurs on the basis that Wojnarowski failed to state a claim against it. Specifically, the Sentencing Court asserts that the PFR contains no specific allegations of wrongdoing against it nor seeks relief from it.

Our review of the PFR confirms that Wojnarowski did not allege any facts to support a claim against the Sentencing Court. Although there are mentions of orders by the Sentencing Court and rules pertaining to court proceedings, such is not enough. A petition for review must apprise a defendant of both notice of the claim and the facts upon which it rests. *See* Pa.R.Civ.P. 1019; *Unified Sportsmen of Pennsylvania v. Pennsylvania Game Commission (PGC)*, 950 A.2d 1120, 1134 (Pa. Cmwlth. 2008). Wojnarowski does not attempt to reverse the Sentencing Court's order. The injunctive relief Wojnarowski seeks is directed towards the Department and the County Clerk, not the Sentencing Court. As discussed above, Wojnarowski's PFR generally fails to state a claim upon which injunctive relief may be granted. We, therefore, sustain the Sentencing Court's demurrer.

13

### III. Conclusion

For these reasons, we conclude that Wojnarowski has not established a clear right to the requested relief against any Respondents. We, therefore, sustain Respondents' POs in the nature of demurrers, and we dismiss Wojnarowski's PFR.[9]

MICHAEL H. WOJCIK, Judge

---

[9] In light of this disposition, we decline to address any remaining POs and dismiss them as moot.

14

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas W. Wojnarowski,       :
      :
      Petitioner       :
      :
      v.       : No. 440 M.D. 2020
      :
John E. Wetzel, Secretary of the       :
Department of Corrections, SCI-       :
Somerset, Business Manager,       :
Records Supervisor, Warden       :
Chief Counsel DOC, Westmoreland       :
County Clerk of Courts,       :
Westmoreland Common Pleas       :
Court,       :
      :
      Respondents       :

O R D E R

AND NOW, this 6th day of December, 2021, Respondents' preliminary objections in the nature of DEMURRER are SUSTAINED; Respondents' remaining POs are DISMISSED AS MOOT; and Petitioner's Petition for Review is DISMISSED.

_____
MICHAEL H. WOJCIK, Judge