# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John David Lynn                :
All Others Similarly Situated,     :
                 Petitioner   :
                                :
       v.                : No.  168 M.D. 2023
                                : Submitted: July 5, 2024
The Pennsylvania Department   :
of Corrections,                 :
                 Respondent   :

BEFORE:    HONORABLE ANNE E. COVEY, Judge
                HONORABLE STACY WALLACE, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                            FILED:  August 29, 2024

John David Lynn, *pro se*, and All Others Similarly Situated (Lynn)[1] filed a petition for review in our original jurisdiction, challenging the constitutionality of Section 9728 of the Sentencing Code, 42 Pa.C.S. § 9728, and Department of Corrections (Department) policy number DC-ADM 005.  Lynn argues Section 9728 and DC-ADM 005 violate his equal protection and substantive due process rights under the United States and Pennsylvania Constitutions and are void ab initio

---

[1] Lynn is currently incarcerated at the State Correctional Institution – Waymart.  We note that, although Lynn purports to file his petition for review on behalf of "all others similarly situated," self-represented inmates may not bring class action lawsuits.  *See Mobley v. Coleman*, 65 A.3d 1048, 1050 n.1 (Pa. Cmwlth. 2013).

because they require the Department to deduct at least 25% of deposits made to inmate wages and personal accounts to pay for court costs, fines, and restitution.[2] Lynn also argues Section 9728 is an ex post facto law. The Department responds to Lynn's petition for review by filing preliminary objections, contending he fails to state a claim for which relief may be granted. Also before this Court is Lynn's application for summary relief, in which he argues his right to relief is clear. After careful review, we sustain the Department's preliminary objections, dismiss Lynn's petition for review with prejudice, and dismiss Lynn's application for summary relief as moot.

## BACKGROUND

Lynn filed his petition for review on March 23, 2023, seeking declaratory and injunctive relief. Lynn requests this Court enter judgment declaring Section 9728 violates his equal protection and substantive due process rights. Pet. for Rev., 3/23/23, at 55. In addition, Lynn requests a judgment declaring Section 9728 an ex post facto law. *Id.* In connection with this challenge, Lynn requests that we declare unconstitutional DC-ADM 005, which is the Department policy implementing Section 9728's deductions. *Id.* at 56. Lynn argues this Court should issue an injunction barring the Department from making further deductions and directing changes to Section 9728 and DC-ADM 005. *Id.* at 59. Specifically, Lynn proposes the words "at least" be removed from Section 9728(b)(5)(i), and that Section 9728(b)(5)(i) and DC-ADM 005, Section 3, be rewritten to include "a certain/finite monthly cap" on deductions, limited to income received through inmate employment. *Id.* at 59-61. Given the constitutional violations alleged above, Lynn

_____

[2] These are commonly known as "Act 84" deductions. *See* Act of June 18, 1998, P.L. 640, No. 84.

2

requests an injunction directing the Department to reimburse him for wrongful deductions.[3] *Id.* at 60-62.

The Department filed preliminary objections on May 26, 2023, contending Lynn did not divide his petition for review into consecutively numbered paragraphs under Pennsylvania Rule of Civil Procedure 1022, Pa.R.Civ.P. 1022, and failed to state a claim for which relief may be granted under Pennsylvania Rule of Civil Procedure 1028(a)(4), Pa.R.Civ.P. 1028(a)(4). In substance, the Department argues prior court decisions have already rejected Lynn's equal protection, substantive due process, and ex post facto claims. Lynn filed an answer, which he characterized as "Objections" to the Department's preliminary objections, on June 21, 2023. That same day, Lynn filed an application for summary relief, arguing there are no material issues of fact in dispute and his right to relief is clear.[4]

## DISCUSSION

We focus our analysis on the Department's preliminary objection contending Lynn failed to state a claim for which relief may be granted.[5] This Court must limit its review to Lynn's petition for review and any attached documents or exhibits. *Freemore v. Dep't of Corr.*, 231 A.3d 33, 37 (Pa. Cmwlth. 2020) (quoting *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010)). Although "we accept as true all

---

[3] Alternatively, to the extent an injunction is not the appropriate remedy, Lynn requests that we grant a writ of mandamus. Pet. for Rev., 3/23/23, at 63.

[4] Lynn contends the Department waived any defense to several of the arguments he presents in his petition for review by failing to respond to them with specificity. Lynn's Br. at 63-64. Lynn's petition for review resembles a brief and is about 65 pages long without exhibits. We are satisfied the Department's preliminary objections respond to all of Lynn's arguments, albeit in general terms.

[5] Given our disposition, the Department's preliminary objection regarding numbered paragraphs is moot, and we do not address it on the merits.

3

well-pleaded material allegations in the petition for review and any reasonable inferences that we may draw from the averments," we need not accept legal conclusions, unwarranted factual inferences, argumentative allegations, or opinions. *Williams v. Wetzel*, 178 A.3d 920, 923 (Pa. Cmwlth. 2018) (citing *Meier v. Maleski*, 648 A.2d 595, 600 (Pa. Cmwlth. 1994)). We will sustain the preliminary objection only if "it is clear and free from doubt that the law will not permit recovery under the facts alleged." *Comrie v. Dep't of Corr.*, 142 A.3d 995, 1000 n.10 (Pa. Cmwlth. 2016) (citing *Allen v. Dep't of Corr.*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014)).

Lynn challenges inmate deduction procedures found at Section 9728(b)(5)(i). In addition, he challenges language precluding time limitations for deductions found at Section 9728(c). The statute provides as follows, in relevant part:

**(b) Procedure.—**

. . . .

(5) Deductions shall be as follows:

(i) The Department of Corrections shall make monetary deductions of at least 25% of deposits made to inmate wages and personal accounts for the purpose of collecting restitution, costs imposed under section 9721(c.1), filing fees to be collected under section 6602(c) (relating to prisoner filing fees) and any other court-ordered obligation.

. . . .

(iv) The Department of Corrections and each county correctional facility shall develop guidelines relating to its responsibilities under this paragraph. The guidelines shall be incorporated into any contract entered into with a correctional facility.

4

. . . .

> **(c) Period of time.--**Notwithstanding section 6353 (relating to limitation on and change in place of commitment) or 18 Pa.C.S. § 1106(c)(2) (relating to restitution for injuries to person or property), the period of time during which such judgments shall have full effect may exceed the maximum term of imprisonment to which the offender could have been sentenced for the crimes of which he was convicted or the maximum term of confinement to which the offender was committed.

42 Pa.C.S. § 9728(b)(5)(i), (iv), (c).[6]

**A. Equal protection**

Regarding equal protection, Lynn argues Section 9728 treats inmates who are required to pay court costs, fines, and restitution differently than inmates who are not are required to pay court costs, fines, and restitution, and differently than individuals who are required to pay court costs, fines, and restitution but are not incarcerated. Pet. for Rev., 3/23/23, at 3-10. Because of Section 9728's deductions, Lynn asserts, inmates like him who are required to pay court costs, fines, and restitution must "have an additional 25% of funds" to pay for purchases and expenses while incarcerated. *Id.* Further, Lynn contends Section 9728 leads to arbitrary and capricious results because sentencing judges have the discretion to defer payments until after an inmate has completed his or her incarceration and may provide a deferral to some but not all inmates. *Id.* at 20-22. He proposes there should be a cap on deductions at a specific monthly amount, limited to funds from inmate

---

[6] Moreover, Lynn challenges DC-ADM 005, Section 3, which includes detailed policies governing deductions from inmate accounts. Recurring deductions generally range from 25% to 50% of incoming funds depending on the type of financial obligation being paid, provided that the balance in the account exceeds $10. For example, payments toward the Crime Victims Compensation Fund and Victim/Witness Services Fund are deducted at a rate of 50% and take precedence over the 25% deduction toward court costs, fines, and restitution. DC-ADM 005, Section 3(A)-(B), (F).

employment and not from personal gifts and government stimulus checks.[7]  *Id.* at 9, 16-19.

The Department responds that Lynn is not similarly situated to individuals who are required to pay court costs, fines, and restitution but are not incarcerated because he is a ward of the Commonwealth and all his necessities of life are provided for him.  Prelim. Objs. 5/26/23, ¶¶ 18-19.  In addition, the Department observes it would be impossible to apply a provision like Section 9728 to individuals who are not incarcerated because the Department would have no control over their personal financial accounts.  *Id.*  The Department suggests Lynn is not actually treated differently than former inmates who are required to pay court costs, fines, and restitution because he will no longer be subject to Section 9728's deductions if and when he is no longer incarcerated.  Department's Br. at 11.

The right to equal protection derives from Section 1 of the Fourteenth Amendment to the United States Constitution, U.S. Const. amend. XIV, § 1, and article 1, sections 1 and 26 of the Pennsylvania Constitution, Pa. Const. arts. I, §§ 1, 26.  *See DuBoise v. Rumcik*, 277 A.3d 1221, 1229 (Pa. Cmwlth. 2022).  Our courts analyze federal and state equal protection questions under the same standards.  *Id.* at

---

[7] Lynn offers the following illustration of this proposal:

> It would be a simple fix if the 25% had a monthly cap of say for instance $15.00, which was half of [Lynn's] payment plan when on parole.  So if individuals only had a total amount of $20.00 deposited in their monthly account th[en] [the Department] would only be allowed to deduct $5.00 out of their inmate account not to exceed $15.00.  If [an] individual[']s total deposit[s] for a month w[ere] $200.00, [the Department] would only be allowed to deduct $15.00 a month.  Even if the monthly capped amount agreed to or passed into law [by] the General Assembly in an amendment to § 9728(b)(5)(i) is a greater monthly amount it should be reasonable and fair and it will or should be capped which would resolve the issue of having to pay more for everything.

Pet. for Rev., 3/23/23, at 38.

1229 n.9 (citing *Muscarella v. Commonwealth*, 87 A.3d 966, 972 n.8 (Pa. Cmwlth. 2014) (en banc)). Critically, to make out an equal protection claim, a petitioner "must allege that he is receiving different treatment from that received by other similarly[]situated individuals due to his membership in a particular class and his assertions of intentional disparate treatment must be supported by specific factual allegations." *Mobley v. Coleman*, 110 A.3d 216, 222 (Pa. Cmwlth. 2015) (citing *Myers v. Ridge*, 712 A.2d 791, 799 (Pa. Cmwlth. 1998)).

The Department directs our attention to *Sweeney v. Lotz*, 787 A.2d 449 (Pa. Cmwlth. 2001), in which this Court explored the equal protection implications of Section 9728. Sweeney was convicted of third-degree homicide, directed to pay restitution, and incarcerated. *Id.* at 450. When Sweeney became subject to deductions under Section 9728, he filed a petition for stay of execution in the Court of Common Pleas of Butler County. *Id.* Sweeney alleged Section 9728 violated his right to equal protection because "he, an incarcerated individual, was not afforded the same rights and privileges as others similarly situated, such as the right to file a $300.00 claim for exemption available to non-incarcerated judgment debtors." *Id.* (citing Section 8123(a) of the Judicial Code, 42 Pa.C.S. § 8123(a)). The trial court denied Sweeney's petition. *Id.* at 451. On appeal, this Court likewise rejected Sweeney's equal protection claim. We explained:

> Once more, [Sweeney] points to Section 8123(a) of the Judicial Code, addressing a $300.00 exemption claim for judgment debtors. However, as [Clerk of Courts Lisa Weiland Lotz (Lotz)] notes in her brief to this Court, this Section applies to civil judgments and other liens. In contrast, Section 9728(b)(5) of the Sentencing Code applies to the collection of costs, fines and restitution in the context of a criminal proceeding. Additionally, as Lotz also points out in her brief to this Court, the exemption provided for in this Section was to afford the judgment debtor the necessities of life, i.e., food, clothing and shelter. Such concerns are not relevant in the present situation, as the

7

individual will continue to be afforded these necessities as a ward of the Commonwealth. Further, our Superior Court has previously indicated that the Commonwealth has a rational and legitimate interest in the rehabilitation of the criminal and in providing compensation to the victim of wrongful conduct. *See Commonwealth v. Colon,* 708 A.2d 1279 (Pa. Super. 1998).

. . . .

In sum, Section 9728(b)(5) of the Sentencing Code does not treat similarly situated individuals differently. Rather, this Section merely provides the procedural mechanism for collecting items such as costs, fines and restitution from incarcerated judgment debtors. Furthermore, even if we were to find a distinction in treatment, the Commonwealth has a rational basis for the same that advances a legitimate Commonwealth interest, i.e., rehabilitation of the criminal and compensation to the victim of wrongful conduct. Thus, we cannot say that the trial court erred as a matter of law in failing to find that Section 9728(b)(5) of the Sentencing Code was unconstitutional in that it denied [Sweeney] the right to equal protection.

*Id.* at 451-52 (footnotes and some citations omitted).

We find *Sweeney* instructive. Individuals who are incarcerated and required to pay court costs, fines, and restitution are not similarly situated to those who are incarcerated and not required to pay court costs, fines, and restitution, nor are they similarly situated to those who are required to pay court costs, fines, and restitution but are not incarcerated. "'[S]imilarly situated' does not mean 'identically situated.'" *Harvard v. Cesnalis*, 973 F.3d 190, 205 (3d Cir. 2020) (quoting *Bennun v. Rutgers State Univ.*, 941 F.2d 154, 178 (3d Cir. 1991)). However, similarly situated individuals must be "alike in all relevant respects." *Id.* (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992)).

As this Court recognized in *Sweeney*, Section 9728 provides a procedural mechanism to allow for collection of court costs, fines, and restitution from incarcerated judgment debtors. 787 A.2d at 452 (citing *Sweatt v. Dep't of Corr.*, 769

8

A.2d 574 (Pa. Cmwlth. 2001)). There is no need for such a mechanism with respect to inmates who are not required to pay court costs, fines, and restitution because of their distinct financial obligations. Moreover, individuals who are not incarcerated but are required to pay court costs, fines and restitution are not wards of the Commonwealth. Although these individuals may be able to obtain more lucrative employment outside of prison, their financial obligations are likely to be greater. Accordingly, we agree with the Department that Lynn's petition for review fails to state an equal protection claim for which relief may be granted with respect to Section 9728 and DC-ADM 005.

## B. Substantive due process

Turning to substantive due process, Lynn argues Section 9728's uncapped 25% deductions are "patently unreasonable, unduly oppressive[,] and . . . go[] beyond the necessities of the statute[']s underlying objective." Pet. for Rev., 3/23/23, at 32-34. Lynn offers himself as an example, averring he paid a lower amount each month for court costs, fines, and restitution during a period of parole beginning in 2016 than he did after becoming reincarcerated in 2019. *Id.* at 6-7, 34-36. Lynn specifically takes issue with the requirement that "at least" 25% of deposits be deducted, emphasizing the Department could in theory deduct up to 100% of an inmate's incoming funds. *Id.* at 23-24. Lynn repeats his proposal that inmate deductions should be capped. *Id.* at 38.

The Department quotes this Court's statement in *Danysh v. Department of Corrections*, 845 A.2d 260, 264 (Pa. Cmwlth. 2004) (en banc), that "there is a legitimate penological interest in collecting on an inmate's debts incurred as a consequence of his criminal conviction. It encourages rehabilitation by instilling a sense of financial responsibility." Prelim. Objs. 5/26/23, ¶ 23. Thus, the Department

argues Section 9728 does not violate Lynn's substantive due process rights because it is rationally related to the government's interest in ensuring inmates pay their debts. Department's Br. at 14. Regarding the lack of a cap on Section 9728 deductions, the Department points out that Lynn does not aver his deductions exceed 25%. *Id.* at 12-13.

Substantive due process protections derive from the Fourteenth Amendment of the United States Constitution, U.S. Const. amend. XIV, § 1, and from several provisions in the Pennsylvania Constitution, particularly article I, sections 1, 9, and 11, Pa. Const. art. I, §§ 1, 9, 11. *Germantown Cab Co. v. Phila. Parking Auth.*, 206 A.3d 1030, 1042 (Pa. 2019) (citing *Khan v. State Bd. of Auctioneer Exam'rs*, 842 A.2d 936, 945 (Pa. 2004)). Courts apply a "means-end" review to determine whether a statute violates substantive due process. *Shoul v. Dep't of Transp., Bureau of Driver Licensing*, 173 A.3d 669, 676 (Pa. 2017) (quoting *Nixon v. Commonwealth*, 839 A.2d 277, 286 (Pa. 2003)). First, we consider whether the statute restricts a constitutionally protected interest or property right. *Germantown Cab*, 206 A.3d at 1042 (citing *Khan*, 842 A.2d at 946). If the statute restricts a right that is protected but not fundamental, we apply rational basis review. *Id.* (collecting cases). If the right at issue is fundamental, however, we apply strict scrutiny review. *Id.* To survive strict scrutiny, a statute must be "narrowly tailored to a compelling state interest." *Shoul*, 173 A.3d at 676 (quoting *Nixon*, 839 A.2d at 287).

Case law establishes inmates have a constitutionally-protected property interest to the funds in their inmate accounts. *Buck v. Beard*, 879 A.2d 157, 160 (Pa. 2005) (citing *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 421 (3d Cir. 2000)). Our research reveals arguably inconsistent decisions regarding the importance of this interest. In *Sweeney*, this Court reasoned Section 9728 "does not

10

burden a fundamental constitutional right" and applied rational basis review in the alternative when rejecting an equal protection challenge. 787 A.2d at 451-52 (quoting *Jubelirer v. Singel*, 638 A.2d 352, 361 (Pa. Cmwlth. 1994) (en banc)). We recognize incarceration necessarily limits an inmate's constitutional protections. *See DuBoise*, 277 A.3d at 1230 (citing *Bronson v. Cent. Off. Rev. Comm.*, 721 A.2d 357, 359 (Pa. 1998)). On the other hand, our Supreme Court recently noted the "fundamental" nature of property rights when considering a challenge involving Section 9728 based on procedural due process.[8, 9] *Wash. v. Pa. Dep't of Corrs.*, 306 A.3d 263, 284 (Pa. 2023) (citing *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976)).

Ultimately, even accepting Lynn has a fundamental right to the funds in his inmate account that Section 9728 burdens, we would conclude he has failed to allege a constitutional violation. Lynn does not question the strength of the state interest in collecting court costs, fines, and restitution from inmates. *See* Pet. for Rev., 3/23/23, at 5-6, 33; Lynn's Br. at 9-10, 17, 36-37, 49-50. This interest is compelling because collecting court costs, fines, and restitution is part of enforcing an inmate's criminal sentence, encourages rehabilitation, and helps make crime victims whole. Lynn's challenge, if any, is limited to whether Section 9728 is narrowly tailored to that interest. We see no basis to determine that it is not.

---

[8] In *Danysh*, this Court rejected a statutory interpretation challenge to Section 9728, arguing personal gifts should not be subject to deductions, based in part on the reasoning that collecting inmate debts served a "legitimate penological interest." 845 A.2d at 264. The "legitimate penological interest" standard typically applies in constitutional challenges to prison regulations, rather than statutes. *See Bussinger v. Dep't of Corr.*, 29 A.3d 79, 83 (Pa. Cmwlth. 2011) (citing *Brittain v. Beard*, 974 A.2d 479 (Pa. 2009)).

[9] Lynn contends his property interest is fundamental and strict scrutiny review applies, although he sometimes asserts there is no rational basis for Section 9728's deductions. *See, e.g.*, Lynn's Br. at 9-10.

Creating a monthly cap and limiting deductions to inmate employment would impair the Department's ability to collect court costs, fines, and restitution and contravene the state interest at issue in this case. Lynn acknowledges, for example, that he is still paying off financial obligations resulting from sentences imposed 30 years ago in 1994. Pet. for Rev., 3/23/23, at 42-43. Lynn's proposal would further delay, if not defeat, repayment of his financial obligations or similar obligations owed by other inmates. Moreover, Lynn's proposal would not alleviate whatever burdens these obligations cause but merely shift them in an inequitable way. Under Lynn's $15 monthly cap, an inmate who receives $60 from inmate employment could pay up to $15 or 25% of incoming funds. Meanwhile, an inmate who receives $200 in personal gifts would pay nothing. Even if a deduction was permissible, it would be limited to $15 or 7.5% of incoming funds. In other words, Lynn's proposal would result in a system that favors some inmates who are required to pay court costs, fines, and restitution over others—this proposal would be arbitrary. We conclude Lynn fails to state a claim for which relief may be granted that Section 9728 and DC-ADM 005 violate his substantive due process rights.

## C. Ex post facto law

Finally, Lynn argues Section 9728 is an unconstitutional ex post facto law because it is penal in nature and applies retroactively. Pet. for Rev., 3/23/23, at 25-27, 42-48. Lynn acknowledges prior court decisions have rejected this argument but insists "no one has ever pointed out the net effect of [Section] 9728 and the 25% not being capped at a finite monthly amount which violates equal protection and substantive due process." *Id.* at 25, 44-45. Lynn explains he filed an unsuccessful grievance because he still owes court costs, fines, and restitution resulting from his sentences in 1994. *Id.* at 42-43. Lynn insists the statutory scheme that existed before

12

Section 9728 at the time of his sentencing should continue to apply, under which he would not be required to make payments toward these older convictions.[10] *Id.* at 42-46.

Article I, Section 10 of the United States Constitution prohibits states from passing "any . . . ex post facto [l]aw." U.S. Const. art. I, § 10. Similarly, article I, section 17 of the Pennsylvania Constitution provides that "[n]o ex post facto law . . . shall be passed." Pa. Const. art. I, § 17 (italics omitted). "A law transgresses the ex post facto prohibition only where, first, the law is retrospective and second, it alters the definition of criminal conduct or increases the penalty by which crime is punishable. There is no ex post facto violation if the legislation is not penal in nature, but is merely procedural." *Dial v. Vaughn*, 733 A.2d 1, 4 (Pa. Cmwlth. 1999) (en banc) (citations and footnote omitted); *see also Coppolino v. Noonan*, 102 A.3d 1254, 1263-64 (Pa. Cmwlth. 2014) (en banc).

The Department points to prior court decisions that have discussed Section 9728, including *Sweatt*. Prelim. Objs. 5/26/23, ¶ 24; Department's Br. at 14. In *Sweatt*, this Court held Section 9728 was not penal in nature. We explained Section 9728 merely provides "a procedural mechanism" for the Department to make collections and neither defines a criminal offense nor imposes additional punishment. *Sweatt*, 769 A.2d at 577. We added there was no question Sweatt was liable for the funds deducted from his inmate account at the time of Section 9728's enactment. *Id.* We have reiterated numerous times since *Sweatt* that Section 9728

_____

[10] Lynn references language in versions of Section 1106(c)(2) of the Crimes Code, 18 Pa.C.S. § 1106(c)(2), that existed before an amendment in 1998. This language allowed a sentencing court to order restitution, "provided that the period of time during which the offender is ordered to make restitution shall not exceed the maximum term of imprisonment to which the offender could have been sentenced for the crime of which he was convicted." *See* Act of May 3, 1995, P.L. 999; Act of Dec. 3, 1998, P.L. 933.

13

is a procedural, rather than penal, statute. *See, e,g.*, *Commonwealth v. Ralston*, 800 A.2d 1007, 1009 (Pa. Cmwlth. 2002); *Harding v. Stickman*, 823 A.2d 1110, 1112 (Pa. Cmwlth. 2003); *Commonwealth v. Lyons*, 830 A.2d 663, 665-66 (Pa. Cmwlth. 2003).

Accordingly, we agree with the Department that Lynn fails to state a claim for which relief may be granted because prior court decisions addressed and rejected the substance of Lynn's argument that Section 9728 is an ex post facto law. In addition, we see no merit to Lynn's contention that these prior decisions are distinguishable because of the "net effect of [Section] 9728 and the 25% not being capped at a finite monthly amount which violates equal protection and substantive due process." Pet. for Rev., 3/23/23, at 25. We have already concluded Lynn fails to allege an equal protection and substantive due process violation, and the relative size of deductions permissible under Section 9728 does not make them any less procedural.[11]

## CONCLUSION

We conclude Lynn fails to state an equal protection, substantive due process, or ex post facto claim for which relief may be granted regarding Section 9728 and DC-ADM 005, and we reject his request for declaratory and injunctive relief.[12] We do not doubt that Lynn advances legitimate concerns regarding the financial burdens that Section 9728's deductions place on inmates like himself. However, these

---

[11] Lynn relies heavily on our Superior Court's decision in *Commonwealth v. Griffiths*, 15 A.3d 73 (Pa. Super. 2010). *See, e.g.*, Lynn's Br. at 10-11, 54-59. Superior Court decisions are not binding on this Court. *Turns v. Dauphin Cnty.*, 273 A.3d 66, 73 n.11 (Pa. Cmwlth. 2022) (citing *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018)). Moreover, *Griffiths* did not involve Section 9728 and expressly did not address whether the current version of Section 1106(c)(2) is an ex post facto law because Griffiths' obligation to pay restitution had not expired even under the prior version of Section 1106(c)(2). *See* 15 A.3d at 79.

[12] For the same reasons, we reject Lynn's alternative request for a writ of mandamus.

14

burdens do not amount to a violation of Lynn's constitutional rights. We sustain the Department's preliminary objections and dismiss Lynn's petition for review with prejudice. Based on the dismissal of Lynn's petition for review, we also dismiss his application for summary relief as moot.

_____
STACY WALLACE, Judge

15

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John David Lynn                        :
All Others Similarly Situated,         :
                        Petitioner     :
                                       :
        v.                             : No. 168 M.D. 2023
                                       :
The Pennsylvania Department            :
of Corrections,                        :
                        Respondent     :

# **O R D E R**

**AND NOW**, this 29th day of August 2024, the preliminary objections of the Pennsylvania Department of Corrections are **SUSTAINED**, and the petition for review of John David Lynn and All Others Similarly Situated (Lynn) is **DISMISSED** with **PREJUDICE**. Lynn's application for summary relief is **DISMISSED** as moot.

_____
STACY WALLACE, Judge